## Brouwer and others *vs.* Jones.

B. & M. being the owners of a tract of land in the city of Brooklyn, sold and conveyed two lots to S. The deed was executed by the grantee, as well as by the grantors, and contained a covenant that neither S. nor his heirs or assigns, would establish or carry on, upon the premises conveyed, any manufactory, trade, business or calling which might be "in any wise dangerous or noxious or offensive to the neighboring inhabitants." B. & M. had previously conveyed to O. B., one of the plaintiffs, other lots in the vicinity of those so conveyed to S. and in the same tract. J. B. another of the plaintiffs was the owner of a part of the premises retained by B. & M. at the time of their conveyance to S. and subsequently conveyed by them to the person under whom J. B. derived his title. And P. the other plaintiff claimed under the deed to S. J. the defendant, being in the possession of the said two lots so conveyed to S. claiming as owner, under a title derived from S., established, and was carrying on, a business which was alleged to be among those embraced in the covenant, and to be dangerous, noxious and offensive to the plaintiffs and other neighboring inhabitants. *Held* that although the plaintiff O. B., being a previous purchaser, could not sue at law upon the covenant in the deed from B. & M. to S., he not being the assignee of that covenant, yet that the covenant was intended not only for the benefit of B. & M. but also for that of all their prior as well as subsequent grantees, and created an *easement* in behalf of the whole property ; and that a court of equity might interpose, by injunction, in behalf of any of the owners of the lots, as being parties for whose benefit the covenant was made.

*Held also*, that the fact that P. one of the plaintiffs deduced his title through S. the defendant's grantor and the original grantee and covenantor, was wholly immaterial ; title to lands within the tract for the common benefit of which the easement was created, being the only requisite to support an action to restrain a violation of the covenant by any proprietor. S. B. Strong, J., dissented.

A life estate in a portion of the tract, obtained by the purchase of a dower interest, is sufficient to sustain such an action.

An owner of any estate, as well as an occupant of the dominant tenement, in such a case, may invoke the aid of a court of equity to enforce the easement in the servient tenement.

The covenant in the deed to S. constituted a right in the grantors and those who might claim, under them, any part of the entire tract then held by them, upon the land conveyed, whether in the hands of S. or his heirs or assigns. And the nature of the covenant clearly evinced that it was designed to run with the land, and not to create and continue a mere personal obligation. In such cases it is well settled that the covenant may be enforced by and against those who may subsequently become part owners. *Per* S. B. Strong, J.

APPEAL by the defendant from a judgment of the city court of Brooklyn. The complaint alleged that Jacob Brouwer

and John L. Mason, on the first day of January, in the year 1839, became and were the owners in fee of a certain tract of land in the sixth ward of the city of Brooklyn, embracing the several lots thereinafter mentioned or referred to. That on the 26th day of June, 1845, the said Brouwer and Mason, by a conveyance bearing that date, which was recorded in the office of the clerk of the county of Kings on the 13th day of November, 1845, sold and conveyed in fee two of the said lots situated at the southwesterly corner of Hicks and President streets, to one Joseph Sands, who, on the 13th day of August, 1848, by a conveyance bearing that date, which was also recorded in said clerk's office on the first day of September, 1848, sold and conveyed the same in fee to one Stephen Arents. That the said Stephen Arents, on the first day of May, 1852, demised the said two lots, for a term of five years from that date, to James R. Ferris and Henry A. Jones, and the said James R. Ferris, by an instrument in writing bearing date the first day of July, 1852, assigned and transferred all his right, title and interest in the said term of years to Henry A. Jones, the defendant, who is now in the possession and occupation of the said two lots of land. That previous to the said conveyance so made to the said Joseph Sands, the said Jacob Brouwer and John L. Mason sold and conveyed other lots in the vicinity of the said two lots, and embraced in the same tract of land, to the plaintiffs herein, or to the grantors of the said plaintiffs, by conveyances which are recorded in the said office, and that the plaintiffs are now the owners of the same. That in all of the said conveyances so made by the said Jacob Brouwer and John L. Mason to the said Sands, as well as to the plaintiffs and their grantors, an express covenant was contained on the part of the respective grantees, to the effect, that at no time should there be erected, established or carried on in any manner on the premises so granted, any slaughter house, tallow chandlery, furnace, foundry, nail or other factory, or any manufactory for making starch, glue, varnish, vitriol, oil or gas, or for tanning, dressing, repairing or keeping skins, hides or leather, or any distillery, brewery or sugar bakery, lime kiln, cow stable, piggery, or any manufactory, trade, busi-

Brouwer *v.* Jones.

ness or calling whatever which may be in any wise dangerous, or noxious, or offensive to the neighboring inhabitants. That the defendant had notice of the said covenant when he became interested in the said two lots so demised to him, as above stated, and entered into the occupation thereof, but that he nevertheless had established upon the said lots a steam saw mill or manufactory, where he now carries on the business of sawing and planing boards and lumber, by means of machinery driven by steam, which steam is raised to a great extent by the combustion of the pine shavings and light wood detached from the said lumber in the process of sawing and planing, causing great quantities of noxious and offensive smoke, dirt and soot to arise from such combustion, which, by the action of the wind, is diffused into and upon the said premises of the plaintiffs, as well as into and upon the premises of the neighboring inhabitants, to their great danger, annoyance and discomfort, and in direct violation of the said covenant contained in the conveyances of the said Brouwer and Mason to the said Sands and to the plaintiffs. The plaintiffs therefore demanded that the defendant might be restrained and perpetually enjoined from carrying on the said business of sawing and planing boards and lumber, by means of machinery driven by steam, and from using the said two lots of land, or either of them, for any dangerous, noxious or offensive purpose, contrary to the said covenant, or for such other or further relief as the nature and circumstances of the case might require.

The defendant, by his answer, denied most of the allegations in the complaint; and stated that he had no knowledge or information sufficient to form a belief, as to whether or not, in the conveyances alleged to have been made by Brouwer and Mason to Sands, or to the plaintiffs and their grantors, or in either or any of them, there was an express or any covenant contained, on the part of the respective grantees, to the effect in the complaint stated, or otherwise, and therefore denied the truth of each and every of said allegations; and he insisted that if there were any such covenant on the part of the said Sands, it was merely a personal covenant, binding only upon the party making

the same, and that an action for the breach thereof could be maintained only by those with whom the covenant was made, and their representatives or assigns. The defendant further alleged, that he had not covenanted to the effect in the complaint stated, with the plaintiffs, or either or any of them, or with any other person or persons whomsoever ; and he denied that he had notice of the covenant, in the complaint alleged, as therein stated, or otherwise. The defendant admitted that he was carrying on the business in the complaint alleged, but stated, that the sawing and planing alleged in said complaint was confined to the sawing up of boards and lumber, and afterwards planing the same, in the defendant's own business, which was that of manufacturing boxes. And he denied that great quantities of noxious or offensive smoke, or dirt, or soot arose, as stated in said complaint, which, by the action of the wind or otherwise, was diffused into and upon the premises of the plaintiffs, or into or upon the premises of the neighboring inhabitants, to their great danger, annoyance or discomfort. The defendant insisted that the said business was a lawful business, and not in violation of any covenant of the said Sands or the defendant, or of any covenant binding upon the defendant, and that the said business was not in any way noxious, offensive or injurious to the health of the neighboring inhabitants.

The jury found a special verdict, as to the plaintiffs' title and interest, and finding the facts to be substantially as stated in the complaint. They found that the manufactory of the defendant was dangerous and offensive to the plaintiffs and neighboring inhabitants, but that it was not noxious. The covenant in the conveyances from Brouwer and Mason to Sands, for a breach of which the plaintiffs claimed a right to relief against the defendant, was as follows : " And the said parties of the second part, for themselves, their heirs, executors, administrators and assigns, do hereby covenant, promise and agree, to and with the said parties of the first part, their executors, administrators and assigns, that the said parties of the second part, their heirs, executors, administrators and assigns, shall not nor shall any of them, at any time or times hereafter, erect, establish or

carry on in any manner upon the premises so granted, any slaughter house, tallow chandlery, furnace, foundry, nail or other factory, or any manufactory for making starch, glue, varnish, vitriol, oil or gas, or for tanning, dressing, repairing or keeping skins, hides or leather, or any distillery, brewery, sugar bakery, lime kiln, cow stable, piggery, or any manufactory, trade, business or calling whatever which may be in any wise dangerous or noxious or offensive to the neighboring inhabitants."

These conveyances were executed by the grantees, as well as by the grantors. The city court directed a judgment to be entered in favor of the plaintiff, upon the special verdict.

*Charles Mulock*, for the appellant. I. The covenant in question for the breach of which this action is brought, was not made with the plaintiffs in this cause, nor do they own any land or estate with which the covenant may be said to run ; they therefore cannot prosecute for a breach of the covenant. (1.) A covenant between grantor and grantee *in fee*, like the one in question, is merely personal : no privity exists between the parties of such character as will attach the covenant to and make it run with the land. (2.) The plaintiffs had no land or estate to which such covenant attached, or with which it ran, or upon which the covenant operated in any manner. (3.) The defendants are not chargeable with the observance of the covenant, being purchasers in fee.

II. The covenant in question created no easement for the benefit of any lands now owned by the plaintiffs. (1.) If the covenant operated as imposing an easement on our lands, it could only be an easement for the benefit of other lands then owned by the covenantees, Brouwer and Mason. (2.) The complaint proceeds entirely on the idea that no such easement was created ; they allege, that the plaintiffs, or the grantors, purchased of Brouwer and Mason before the covenant in question was made. (3.) Brouwer certainly could take no benefit under the easement, and as to him in any event, the complaint should be dismissed.

III. The plaintiffs will not now be allowed to amend their

complaint in the manner suggested in the court below. (1.) The legitimate office of an amendment is to conform the papers to the facts in the case of such clerical errors and the like, as instead of overthrowing the case before stated, go to confirm it and make it definite and certain, but not to allow a party to plant his right to recover on one state of facts, and at the trial allege that his right to recover depended upon the facts being exactly the reverse of what he has stated them in his complaint. (2.) He should have made his motion at the trial of the cause.

IV. The plaintiffs do not show themselves to be in the position alleged in the complaint, nor are they entitled to maintain the action in question. (1.) The complaint alleges that they are joint owners or tenants in common ; this is not proved, for they owned in severalty so far as they do own. (2.) They had not been injuriously affected when the action was brought ; the damage was only in anticipation. (3.) The action being founded on the covenant made for the benefit of many persons, as is alleged, must be brought by the plaintiffs in behalf of themselves and all others similarly situated.

V. The plaintiffs fail to show a several title in themselves of such character as is required to maintain the action. (1.) Bushnell's title not only came from Brouwer and Mason *before* ours, but there is a total failure in connecting Bushnell with Brouwer and Mason, arising from the fact that the title is traced to Luke Barker, and we have it no further. (2.) Philbrick claims under Sands, who made the covenant ; Sands, when he made the covenant, if he bound any thing, only bound the lands to Brouwer and Mason ; he did not pretend, when he sold, to create any easements to or for the benefit of his grantors. (3.) The verdict of the jury was clearly against evidence and should have been set aside, and the court below erred in not doing so.

*John N. Taylor*, for the plaintiffs. I. This covenant creates an easement, intended for the mutual benefit and protection of all the purchasers of lots in the tract of land originally held by Brouwer & Mason ; and any one of the purchasers, his assigns or tenant, is entitled to be protected by an injunction, against

Brouwer *v.* Jones.

any other who carries on an *offensive business* upon any part of the premises. (*Hills* v. *Miller*, 3 *Paige*, 254. *Barrow* v. *Richards*, 8 *id.* 351. *Trustees of Watertown* v. *Cowen*, 4 *id* 510.)

II. It is a covenant running with the land, and the easement thereby created follows the estate into the hands of every assignee. The rights attached to the several portions of the dominant tenement, are assigned to the plaintiffs; while the obligations imposed upon that part of the servient tenement which is in the possession of the defendant, rest upon him, the same as if he had personally executed the covenant. (*Hills* v. *Miller, supra. Barrow* v. *Richards, supra. Trustees &c.* v. *Cowen, supra. Norman* v. *Wells*, 17 *Wend.* 136. *Spencer's case*, 5 *Co.* 16. *Mayor of Congleton* v. *Pattison*, 10 *East*, 130. *Demarest* v. *Willard*, 8 *Cowen*, 206.)

III. By the verdict it appears that Sands, a grantor of the defendant, purchased previously to the grants made to the plaintiffs; and the court gave the plaintiffs liberty to amend in this respect. But if his grant had been subsequent to theirs, they would still be entitled to protection against the annoyance complained of, on the ground of a nuisance. (*Barrow* v. *Richards, supra. Trustees &c.* v. *Cowen, supra. Mayor of London* v. *Bolt*, 5 *Ves.* 129. *Att'y Gen.* v. *Blount*, 4 *Hawk.* 384.)

IV. To maintain this action, it is not necessary that the plaintiffs should reside upon the premises, or that the lots be built upon; it is enough that the nuisance complained of is calculated to diminish the value of the plaintiffs' property, by preventing good tenants from occupying it, or by depreciating its value for building purposes. (*Peck* v. *Elder*, 3 *Sand.* 126. *Barrow* v. *Richards*, 8 *Paige*, 351.)

V. The plaintiffs having a common right—the injury complained of being common to all—they may join in bringing this action, although they may not be joint covenantees. (*Trustees of Watertown* v. *Cowen, supra. Bleeker* v. *Bingham*, 3 *Paige*, 246.)

EMOTT, J.   From several things about this case, and especially from the fact that a question of this importance to the community as well as to the parties, has been submitted to us upon brief written arguments, and we are thus asked to overrule a well considered judgment of the late Chancellor Walworth, affirming the decision of Vice Chancellor McCoun, I am led to infer that this appeal is brought for the purpose of enabling the defendant to remove the case to the court of appeals, and that the only importance attached to the judgment of this court is its necessity as a step in the progress which the appellant intends to make.   I have therefore hesitated whether we ought not to content ourselves with pronouncing a judgment, without assigning any reasons for it.   But perhaps it is due to the principles involved in the cause that they should receive a brief examination.

It may be conceded that no action at law could be maintained by the plaintiff against either the defendant or his grantors. Not because the burden of this covenant does not run with the land and rest upon all subsequent grantees, for I am inclined to think it does.   The difficulty in the way of such a remedy by these plaintiffs is that if their deed or that of their original grantors, the first conveyance by Brouwer & Mason of the lots now owned by the plaintiffs, was prior to the first deed by these original owners to Sands, the defendant's grantor, as seems to be the case, then these plaintiffs cannot be said to be assignees of the covenant in question which is contained in this subsequent deed by Brouwer & Mason to Sands.   But the jurisdiction of courts of equity in these cases is not confined by the limits, nor is it founded upon the principles, of the action of covenant in courts of law.

In *Bleeker* v. *Bingham*, (3 *Paige*, 246,) it was held that a court of equity can interfere and compel a full and effective execution of a covenant, although contained in an instrument between third parties, and to which the person for whose benefit it is made is not a party.   In *Hills* v. *Miller*, (*Id.* 254,) Chancellor Walworth determined that a covenant or agreement by the grantors of lands with their grantee, then the owner of adjacent lots, not to build on a certain piece of ground, should be

enforced by injunction in favor of a subsequent purchaser of these adjacent lands, and that notwithstanding the grantors with whom the agreement or covenant was made had released it to the purchasers. This decision was placed on the reasonable and intelligent ground that the agreement created in the lands of which the use was thus restrained, an easement for the benefit of, and which vested in, these adjoining lots from the time of their sale with notice of this agreement; and that this was an estate with which the grantor of the two parcels could not interfere.

This principle was again asserted and acted upon in the case of the *Trustees of Watertown* v. *Cowen,* (4 *Paige,* 510, 514;) and in *Barrow* v. *Richard,* (8 *id.* 351,) the true character and extent of the jurisdiction was declared, and the principle of acting upon the lands of a covenantor as a servient tenement, to restrain the violation of a covenant against nuisances, in favor of the owners of adjacent lands, as the owners by virtue of this covenant, of an easement in these lands, distinctly laid down. I am unable to distinguish that case from the present. There the title of the plaintiffs was derived, as it is claimed to be here, through a deed prior to that by which the defendants took title. The objection was made that the plaintiffs did not stand in the position of assignees of the covenant and could not sue at law for its breach, and therefore ought not to be allowed to come into a court of equity. But the objection was met distinctly, and the point noticed, that the deed in which the covenant was contained was made after the plaintiff's title had passed out of the covenantee. The covenant in that case was substantially and almost literally like that in the deed from Brouwer & Mason to Sands, in this case. In this case, as well as in that, the grantee was bound not to occupy the premises in any manner offensive to the neighboring inhabitants. This feature of the covenant was insisted upon by the chancellor, as showing that the covenants in the deeds of the lots were intended for the benefit of all the adjacent property, whether still held or previously conveyed by the grantor. And he says that although the complainant could not sue on the covenant at law in his own name, and could perhaps only recover

nominal damages in the name of the grantor, yet a court of equity could give full effect to the covenant by a suit in the name of the party for whose protection the covenant was intended.

The object of the covenants inserted in the deeds of all the lots included in the tract of which the lots both of the plaintiffs and defendants are a part, was to protect the whole tract and every lot belonging to it, whether in the hands of the original owners or of any subsequent grantees, from nuisances or offensive and injurious erections or occupations. Every conveyance from Brouwer & Mason contained such a covenant, and every lot conveyed by them had an easement in every other lot to forbid or restrain its use or occupation in any offensive way. And therefore I am unable to see in what respect the relative dates of the conveyances to the grantees of Brouwer & Mason can make any difference. Every such covenant, in every deed given by them, was intended not only for their benefit but also for that of all their prior as well as subsequent grantees, and created this easement in behalf of the whole property. This court may therefore very properly be asked to interpose in behalf of any of the owners of the lots, as being parties for whose benefit the covenants were made. The reasoning and the conclusions of Vice Chancellor McCoun and Chancellor Walworth, in the case of *Barrow* v. *Richards,* are perfectly satisfactory to me. I cannot distinguish the present case from that, taking the most favorable view of the facts here for the defendant. And I am not at all disposed to overrule so wise, well considered and beneficial a principle of equity as that which is asserted in these and similar cases in the courts of this country.

It is claimed by the defendant that some of the plaintiffs have not shown a title to their lots which will uphold their claims in this suit. One of the plaintiffs deduces his title through Sands, the defendant's grantor, and the original covenantor in the covenant in question. I think this is wholly immaterial. Title to lands within the tract for the common benefit of which this easement was created is the only requisite, as I view this case, to support such an action as this to restrain any violation of this covenant by any proprietor. It is also said that others of the

Brouwer *v.* Jones.

plaintiffs fail in making out a perfect title in fee to certain lots, in not proving that certain executors under whose deed they claim had a power to sell their testator's lands. Even if this were so, and this particular plaintiff failed to show any title, it would not be cause for reversing this judgment in toto and dismissing the complaint. As to that plaintiff it might be proper to dismiss the suit, but the relief sought against the defendant is precisely the same in nature and extent, whether it be sought by one or twenty owners of these lands, and will alike enure to the benefit of all if granted in any case or at any instance. This objection would therefore only raise a question of costs, and this is not a case where a plaintiff should be punished with costs upon such an objection.

But Brouwer, the plaintiff referred to, is seised of a life estate in one third of certain of these lots by his purchase of a dower estate, and this is sufficient to sustain this action, admitting his title in fee not to be made out. Any owner of any estate, as well as any occupant of the dominant tenement, in such a case, may invoke the aid of the court to enforce this easement in the servient tenement.

These are the only objections requiring notice, and these are manifestly insufficient. The judgment should be affirmed with costs.

BROWN, P. J., concurred.

S. B. STRONG, J. The covenant in the deed to Sands, (under whom the defendant claims,) that neither the grantee nor his heirs or assigns would establish or carry on upon the premises conveyed, any manufactory, trade, business or calling whatever, which might be in any wise dangerous or noxious or offensive to the neighboring inhabitants, constituted a right in the grantors and those who might claim, under them, any part of the entire tract then held by them, upon the land conveyed, whether in the hands of the original grantee or his heirs or assigns. It is immaterial whether it is denominated an easement, a servitude, a privilege or a restriction. The nature of

the covenant clearly evinced that it was designed to run with the land, and not to create and continue a mere personal obligation. In such cases it is well settled that it may be enforced by and against those who may subsequently become part owners. The expression "neighboring inhabitants" would clearly include all who might reside upon any part of the premises retained at the time of the conveyance, by the grantor, as the entire tract was in one vicinity; and if it would comprehend others, that would be mere surplusage, which would not vitiate the right.

The plaintiff Brouwer being the owner of a part of the premises retained at the time by the grantors, and subsequently conveyed by them to the person under whom he derived his title, has a right to maintain an action for the breach of the covenant in the deed to Sands. The plaintiff Bushnell claims under a deed from the same grantors, but of a prior date. It does not appear positively when it was executed, acknowledged or delivered, nor whether it had a subscribing witness, but it was recorded simultaneously with the conveyance to Sands. The learned judge before whom this action was tried, seems to infer that the two deeds were executed about the same time; and he refers to the case of *Elsey* v. *Metcalf,* (1 *Denio,* 326,) altering the old rule that the date of a deed is *prima facie* evidence of the time of its delivery. That was limited to cases where the deed had not been acknowledged, or proved, and had no subscribing witness. It cannot be inferred in this case, simply from the late day when the deed was recorded, that it was not acknowledged or witnessed at the time of its date. The proof that Brouwer was entitled to the benefit of the covenant in the deed to Sands, should have been adduced by him, as he held the affirmative, and was bound to establish his right. The date of the deed must, in the absence of any proof as to whether its execution was acknowledged or there was a subscribing witness, as against any one claiming under it, be deemed to be the time when it was delivered. Brouwer has not established any right to the privilege secured by the covenant.

Philbrick, the other plaintiff, claims title under the deed to

Brouwer *v.* Jones.

Sands. Both he and the defendant are subsequent grantees of the covenantor. In the conveyances to them, or under which they claim, there is no similar covenant as against either. The covenant from Sands did not create a public easement, nor a right which could vest in any one except the covenantees and those claiming, under them, any part of the portion of the tract then retained by them. Consequently Philbrick had no right of action under that covenant.

The judge, however, supposes that the three plaintiffs have a right of action on the ground that the operations of the defendant create a public nuisance peculiarly injurious to them. But the complaint does not allege any nuisance ; and if it might be amended so as to embrace a charge of that kind, still the special verdict, upon which alone we can act, would not sustain the charge. The jury find, and I think that the evidence authorized them to find, that the business carried on by the defendants was dangerous and offensive, but not noxious to the plaintiffs and the neighboring inhabitants. Now the combustion of pine shavings and light wood might cause great quantities of offensive smoke, and the fire might be dangerous, so as to cause a violation of rights of the plaintiffs, some or one of them, without creating an absolute nuisance. At any rate we cannot adjudge that the defendant has been guilty of so grave an offense as the creation of a nuisance, until it has been directly charged in the complaint, and the charge has been found to be true, by the jury, and especially when the jury has found that the defendant's business, in the manner in which it was conducted, was not noxious to the plaintiffs and their neighbors.

The code permits a judgment in favor of either plaintiff, where his rights are capable of a severance. They are clearly so in this instance. The judgment should be reversed, as far as it relates to the plaintiffs Bushnell and Philbrick, and modified as to the plaintiff Brouwer so as to make the injunction applicable to his interests alone.

Judgment affirmed.

[KINGS GENERAL TERM, October 14, 1856. *Brown, S. B. Strong* and *Emott,* Justices.]