(100 App. Div. 252.)

LEWIS v. ELY et al.

(Supreme Court, Appellate Division, First Department.    January 6, 1905.)

DEEDS—RESTRICTIVE COVENANTS—PARTIES ENTITLED TO ENFORCE.

> Where, in partition, each of the referee's deeds covenanted on the part of the grantee that no building but a dwelling house should be erected on the land, grantees holding different portions under an original grantee in one of the referee's deeds could not enforce the covenant against each other.

Appeal from Judgment on Report of Referee.

Action by Francis Elliott Holt Lewis against Helen A. Ely and others.    From a judgment in favor of plaintiff, defendants appeal.    Reversed.

The action is brought to obtain an injunction compelling defendants to remove alterations made in the premises No. 22 West Fortieth street, contiguous to the plaintiff's property, for violation of a covenant in the deed of a referee in a partition suit in 1872, whereby only a private dwelling house could be erected upon this land, the plaintiff alleging that the defendants have made the premises into stores and are so using them.    Both the plaintiff's property and that belonging to or used by the defendants were sold in 1872 by a referee in a partition suit to one Soher.    The deed to Soher, as well as the deeds then given to other purchasers, contained the following covenant: "The party of the second part, his heirs or assigns, shall not at any time hereafter erect * * * upon the hereby granted premises * * * any building other than a brick or stone private dwelling house not less than three stories in height; * * * the said covenant * * * to * * * run with the land * * *."    It was not shown that the parties to the partition suit consented to the provision in the judgment directing the referee to insert such a covenant in the deeds, and it appears that some of the parties were infants represented by guardians.    Soher subsequently deeded lot No. 20, lot No. 22, and a third lot to O'Reilly Bros., the deed containing no such covenant; and thereafter O'Reilly Bros. deeded lot No. 20 without the restriction, and by mesne conveyances not containing the covenant it has come into the plaintiff's possession.    O'Reilly Bros. also conveyed, without restriction, lot 22 to other parties, and by mesne conveyances not containing the covenant it has come into the possession of certain of the defendants.    Proof was given tending to show that lot No. 22 has been remodeled to make it fit in part for use as stores, and that it is so used in part, and the referee held that there was a violation of the covenant, and that an injunction should issue.    The judgment entered on the referee's report granted an injunction which compels the defendants to put the premises back into a proper condition for a dwelling house.    From such judgment the defendants appeal.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

F. K. Pendleton, for appellant Ely.
Paul M. Herzog, for appellants Rose and others.
George W. Glaze, for respondent.

O'BRIEN, J.    There is considerable force in the contention that the restrictive covenant in the referee's deed, affecting, as it did, the value of the land, and inserted, so far as appears, without the consent of the parties to the partition suit, and particularly the minor children, whose guardians could not consent, could not be enforced, because the provision of the judgment requiring the referee to deliver to purchasers

92 N.Y.S.—45

deeds containing such a restrictive clause was not binding. However this may be, we need not decide the question, for the reason that there is another consideration which we regard as fatal to the judgment.

In the original partition suit in 1872 of Banks v. Banks, wherein the deed was given by the referee, there was property conveyed to other parties besides that conveyed to Soher, through whom and under whom, by mesne conveyances, the plaintiff and the defendants acquired title to their respective properties. If we assume, as we may for the purposes of this discussion, that the covenant in the referee's deed was binding and effective, we think that, with respect to the parcels sold to individuals, it could be enforced against them only by the owners of other parcels. Thus Soher, having purchased the property here in dispute, could, with respect thereto, divide it into parcels, and, as between such parcels, could release the covenant. In other words, he could agree that, with respect to the land which he himself owned, the covenant should not be effective in favor of any of the parcels into which he divided it as against another. This, we think, he had the right to do, notwithstanding the fact that he could not release the lots from the covenant so far as it inured to the benefit of and could be enforced by purchasers of the other lots from the referee. Differently stated, with respect to the covenant as bearing upon the lots purchased by Soher, these became the servient, and the lots purchased by others became the dominant, estate, and therefore the necessary legal relation was established entitling the latter to enforce the covenant against those holding title through Soher.

We take it that the owner of any of the other parcels could have released his right to enforce the covenant as against any of the lots purchased by Soher; and, if all the other lot owners in turn released the covenant, it would cease to run. So, too, Soher owning the two lots which were subsequently purchased from him by O'Reilly Bros. without the restrictive covenant in the deed (thus indicating an intention on the part of Soher not to continue the covenant as a binding one between the lots so conveyed), and the plaintiff and defendants having derived their title from the same grantor, Soher, and none of the mesne conveyances from O'Reilly Bros. having continued the covenant as between those particular properties, we see no escape from the conclusion that as between these lots it was intended that the covenant in question should not be enforced by one of the owners as against the other.

We are aware that this construction of the covenant is contrary to an expression to be found in the prevailing opinion in Brouwer v. Jones, 23 Barb. 153. That expression, however, called forth a strong dissent from one of the judges writing in that case. At most, it was a dictum, because unnecessary to the decision, it therein appearing that one at least of the plaintiffs who brought the action could maintain it, because he stood in such relation to the covenant that he could enforce it. The discussion as to whether another plaintiff, who obtained his deed before the covenant was made, had a right to maintain it, was therefore unnecessary.

The trend of the later cases, notably Equitable Life Assurance Soc. v. Brennan, 148 N. Y. 661, 43 N. E. 173, is in support of the appellants'

contention that a restrictive covenant creates a burden of servitude on the lands conveyed in favor of the grantor and successive holders of the dominant tenement, and no other. As correctly urged, Soher, when he purchased the three lots, held them free from all restriction except in favor of the other lots sold. The deed to Soher created only a burden in favor of the grantors of the property, and with respect to his own lots it would be anomalous to assert that he could enforce, as against himself, a covenant in favor of one lot against the other, to both of which at the same time he held title. If we proceed upon the same lines, it is difficult to find reason or authority for holding that, as between the O'Reilly lots, there existed a covenant which could be enforced except in favor of other lot owners who derived their title through the referee, and who, therefore, as owners of the dominant estate, could enforce the covenant.

Considering the wording of this restrictive covenant, and having in mind that a rigid rule of construction must be applied, much might be said in support of the view that it is a structural covenant, and not one against occupation. In other words, there is force in the contention that, strictly construed, the covenant is one which relates to the erection of a particular character of building, and does not relate to the use to which the building is put.

In Clark v. Jammes, 87 Hun, 215, 33 N. Y. Supp. 1020, the presiding justice of this court, in writing the opinion, said:

"In the construction of restrictive covenants of this kind, it must be borne in mind that they are to be construed most strictly against the covenant; and, unless the thing enjoined is most plainly within the provisions of the covenant, an injunction will not issue."

Whether the erection upon this property of what was strictly a dwelling house fulfilled the terms of the covenant, and whether the use to which part of it is to be put is inconsistent with its use as a private dwelling, we think unnecessary to determine, placing our decision upon the proposition, which we think is sound, that the plaintiff and the defendants here, who are the owners of the two lots which were owned by Soher, and conveyed by him to O'Reilly Bros., and subsequently to the parties to this action, had no right to enforce this covenant one against the other.

We think, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur; PATTERSON, J., in result.

Judgment reversed; new trial ordered; costs to appellants to abide event.