(116 App. Div. 869)

SILBERMAN v. UHRLAUB et al.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

1. APPEAL—REVIEW OF FINDINGS—RECORD.
    Where there is no certificate in the record that the case contains all of the evidence, the court on appeal cannot review the findings of fact.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2916, 2917.]

2. INJUNCTION—RESTRICTIVE COVENANTS—ENFORCEMENT.
    A violation of a restrictive covenant, creating a negative easement, may be restrained at the suit of one who owns property for whose benefit the restriction was established, irrespective of whether there was a privity, either of estate or of contract, between the parties.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 124.]

3. COVENANTS—RESTRICTIVE COVENANTS—CREATION.
    Where a uniform plan of improvement, restricting the use to which each parcel of a tract can be put, is adopted by the owners thereof, and parcels are sold in reference to such plan, mutual negative easements are created, irrespective of the order of the conveyances, and of whether the restrictive covenant is expressed in the deeds.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, § 50.]

**4. SAME—ENFORCEMENT.**

> Owners of a tract, in contemplation of the division thereof into parcels, agreed to restrict the use of the tract to residence purposes, and for that purpose adopted a general scheme of improvement, and united in mutual covenants on partitioning the property between themselves. *Held*, that subsequent purchasers, with knowledge of the scheme, had a right to rely on the observance of the restrictions by every other purchaser, irrespective of whether the restriction was referred to in the deed to him, and of whether such other person derived title from the same grantor.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, § 67.]

Appeal from Special Term.

Action by Samuel J. Silberman against John C. Uhrlaub and others. From a judgment for plaintiff (96 N. Y. Supp. 928), defendants appeal. Affirmed.

The action is based on restrictive covenants contained in three deeds, by which a large tract was partitioned among three tenants in common in June, 1885. Said covenant is as follows: "That neither the said party of the second part, nor his heirs or assigns, shall at any time hereafter erect, maintain, or permit any mechanical or mercantile business, or any stable, or any building other than a dwelling house, on the portion of the said premises lying south of the strip thereof now occupied by the tracks of the South Side Railroad of Long Island, nor erect, maintain, or permit upon any part of said premises any house or place for the sale of wine, beer, or intoxicating liquors, except by apothecaries for medical purposes, and that no foul waste water or other refuse or garbage from, in, or about any buildings which may hereafter be erected on said premises shall be permitted to be deposited on the soil or sand, but the same shall be deposited in cesspools or in channels throughout which the tide water from Jamaica Bay shall freely ebb and flow, or shall be conducted thither through pipes or drains, which said pipes or drains and cesspools shall be constructed of tile, iron, brick or stone, and best Portland or other superior cement, in such manner as to be perfectly water-tight and so as to effectually prevent the escape of any of the contents thereof into the adjacent soil or sand, and that this covenant shall run with the land and bind all future owners thereof."

The lands of the plaintiff and the defendants were included in a much larger tract conveyed by one of said deeds to one of said tenants in common, and were by him conveyed without restrictions, and by mesne conveyances the title to a tract including both of said premises became vested in one Florence G. Vernam, from whom the plaintiff and the defendants derive title by separate mesne conveyances. Said Vernam conveyed without restrictions. The appellants contend that said restrictions do not apply to land under water; that equity should deny injunctive relief, both because of changes in the character of the neighborhood and because such relief will not benefit the plaintiff, but will inflict great loss upon the defendants; and that, as between the plaintiff's and the defendants' lands, there is no restrictive covenant or negative easement.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Charles Goldzier, for appellants.

John J. Lenehan, for respondent.

MILLER, J. We should rest the affirmance of this judgment on the opinion of the court at Special Term, without further discussion, were it not for the fact that a point is now raised which was not called to the attention of or considered by the learned trial justice, but is presented by the appeal from the judgment, and now for the first time urged by the appellants. The point is made that the restrictions contained in each of the three deeds made in 1885 only created negative

easements in each of the three parcels, respectively, in favor of the other two; that the owner of each parcel could make 'such use of his own land as he desired, so long as the owners of the dominant estates did not object; that he could divide such parcel into lots, and so long as he was the owner none of said lots was subjected to any servitude in favor of any other; that, therefore, separate conveyances by him of distinct parcels without restriction imposed no servitude upon either in favor of the other of the lots so conveyed. This contention is not without force, but we think the judgment is protected from attack upon this ground by the following findings, viz.:

"That the said Cornwell, Summerfield, and Leeper [the said tenants in common hereinbefore referred to] established a uniform plan of improvement of the three parcels of land, thus divided and allotted to and among each other by the foregoing deeds, whereby they restricted a certain portion of said parcels of land, lying south of a strip thereof then occupied by the tracks of the South Side Railroad of Lond Island, to the use and occupation thereof for residential purposes, and for the purpose of making such restrictions binding upon each other and their assigns, and all future owners of the said land, executed in the three several deeds above mentioned reciprocal and mutual covenants binding upon each of them, respectively, [and] that the defendants had due notice of these restrictions and were fully apprised of their existence and character."

There is no certificate in the record that the case contains all of the evidence, which precludes a review of the findings of fact by us.

The appellants rely upon the case of Lewis v. Ely, 100 App. Div. 252, 92 N. Y. Supp. 705, which was decided upon the authority of Equitable Life Assurance Society v. Brennan, 148 N. Y. 661, 43 N. E. 173. Those cases, however, are distinguishable from the case at bar by the findings quoted supra, and the Lewis Case may be further distinguished by the fact that in that case the restrictive covenants were contained in deeds of a referee appointed in an action. As we read the case of Equitable Life Assurance Society v. Brennan, supra, it only decided that the evidence aliunde the documents tended to negative, rather than support, the claim of mutual easements, and that in the light of such evidence the deeds themselves did not afford sufficient evidence to sustain a finding that a uniform plan of restriction was established; but that case recognized the general principles which support the judgment appealed from, to wit, that the violation of a restrictive covenant creating a negative easement may be restrained at the suit of one who owns property for whose benefit the restriction was established, irrespective of whether there was privity, either of estate or of contract, between the parties, or whether an action at law was maintainable, and that, where a uniform plan of improvement, restricting the use to which each parcel of a tract can be put, is adopted, and parcels are sold in reference to such plan, mutual negative easements are created, irrespective of the order of the conveyances and of whether the restrictive covenant is expressed in the deed. These propositions are amply supported by the following authorities, many of which are cited in the opinion in the Equitable Life Assurance Society Case, to wit: Barrow v. Richard, 8 Paige, 351; Brouwer v. Jones, 23 Barb. 153; Gilbert v. Peteler, 38 Barb. 488, affirmed 38 N. Y. 165, 97 Am. Dec. 785; Raynor v. Lyon, 46 Hun, 227; Bimson v. Bultman, 3

\pp. Div. 198, 38 N. Y. Supp. 209; Tallmadge v. East River Bank, 26 N. Y. 105; Trustees v. Lynch, 70 N. Y. 440, 26 Am. Rep. 615; Parker v. Nightingale, 6 Allen (Mass.) 344, 83 Am. Dec. 632.

The distinction between cases where the restriction was only intended for the benefit of the grantor and those where it was imposed, as a part of a general scheme affecting an entire tract divided into parcels, for the benefit of the part conveyed as well as the part reserved, and can, therefore, be enforced by the owner of any parcel against every other owner, is made clear by a comparison of the cases of Sharp v. Ropes, 110 Mass. 381, and Dana v. Wentworth, 111 Mass. 291, with the cases of Sanborn v. Rice, 129 Mass. 387, and Tobey v. Moore, 130 Mass. 448. The principle underlying the cases in which uniform plans for improvement were adopted is akin to that which controlled in Lampman v. Milks, 21 N. Y. 505, and Curtiss v. Ayrault, 47 N. Y. 73, in which easements were held to have been created by separate conveyances of parcels of a common tract, one of which had by artificial arrangement before division been subjected to the use of the other.

In the case at bar, if the owners of the tract in 1885, in contemplation of its division into small parcels, deemed it wise to restrict their use to residence purposes, and for that purpose adopted a general scheme of improvement and united in mutual covenants upon partitioning the property, subsequent purchasers with knowledge of the scheme had a right to rely upon the observance of the restriction by every other purchaser, irrespective of whether such restriction was referred to in the deed to him and of whether such other purchaser happened to derive title from the same grantor, because, conceding such to have been the uniform scheme adopted, it would be absurd to hold that a grantee could not restrain a violation on the part of his immediate neighbor, who derived title from the same grantor, although he could enjoin precisely the same act on the part of the owner of a parcel, more remotely located, obtained from a different grantor.

We are not now called upon to determine whether the mutual deeds made upon the partition, in 1885, alone furnish sufficient evidence to support the finding of a uniform plan of improvement, because, were it necessary, we should have to assume, in view of the condition of the record hereinbefore referred to, that there was sufficient other evidence to sustain said finding.

The judgment should be affirmed, with costs. All concur.