In the matter of Mary Jane Whitlock.

SUPREME COURT.

In the matter of MARY JANE WHITLOCK and others, infants.

Under the statute providing for the sale or disposition of the real estate of *infants*, the *petition* may be presented by a *natural guardian* of the infants, as their "next friend," without an appointment by the court.

The power and duty of such "next friend" is merely to bring the matter before the court, which then takes cognizance of the proceedings, and appoints a responsible *guardian*, authorized to act on behalf of the infants, and takes security for the faithful performance by such guardian of his duty.

Where by the contract for the sale of premises, they are to be conveyed *free of incumbrances*: a reservation or covenant in the deed, through which title is derived, that five feet of the front thereof shall not be built upon or used except for steps, &c., is an incumbrance which relieves the purchaser of the premises from performance, where it was unknown to him.

*New York Special Term, April,* 1860.

MOTION to compel purchaser to complete his purchase on a sale of infants' real estate.

BONNEY, Justice.   Under petition in this matter, James B. Wilson has been appointed special guardian of Mary Jane Whitlock and others, infants, and under order of the court has made a contract for the sale of their real estate in the city of New York; which contract has been reported to, and approved by, the court, and said guardian has been, by another order, authorized and directed to carry such contract into effect, and to convey the property on receiving payment therefor.

The purchaser of said real estate refuses to pay the consideration and receive the deed therefor, executed by said special guardian, upon two grounds :

1. He insists, under advice of counsel, that the appointment of said special guardian and all the subsequent proceedings in this matter are void, for the reason that Elizabeth M. Whitlock, by whom, on behalf of said infants, and as their next friend, the original petition was presented,

was not authorized to represent said infants or to make the application on their behalf.

This is a strictly statutory proceeding, and unless the requirements of the statute have been complied with, no title will pass by the deed. (*Rogers* agt. *Dill*, 6 *Hill*, 415.)

The statute provides that any infant seized of real estate may, *by his next friend or by his guardian*, apply for the sale or disposition of the same; and that, *on such application*, the court shall appoint a guardian, &c. (2 *R. S.*, 5*th ed.*, *p*. 275, §§ 100, 101.)

Mrs. Elizabeth M. Whitlock, by whom, acting as next friend of said infants, the application to the court in this matter was made, was not by any court or legal proceeding appointed such next friend, but being the mother, nearest relative and next of kin of such infants, and as such their *natural guardian*, she assumed the title of their "next friend," and in that character presented the original petition.

Was she such "*next friend*" within the meaning and intendment of the statute above referred to?

In this state provision has been made by statute for the *appointment* of a next friend or guardian *to prosecute or defend any action* that may be brought by or against an infant, who can appear and prosecute or defend only in the manner so provided. (1 *R. S.*, 416, § 2; 2 *id.*, 445, &c., §§ 1 *to* 12, *and p*. 232, §§ 40 *to* 43; *Code*, §§ 115, 116.)

In other cases of legal disability, also, provision has been made for the prosecution and defence of actions by or against persons incapable of acting in their own behalf. (2 *R. S.*, 142, §§ 20 to 34.)

Before these enactments there appears to have been no settled practice or certainty in relation to the appointment, duties or responsibility of the next friend of an infant plaintiff. (*Daniel's Chancery Prac.*, 90, &c.; *Story's Equity Pleadings*, § 57, &c.; 1 *Hoffman's Chancery Prac.*, 54, &c., *and cases referred to*.)

The statute under which the proceeding now in question was had, is wholly distinct from the statutes above mentioned, which provide for the appointment of a next friend or guardian of an infant *party to an action*. The words of the statutes are not the same, and the purposes for which a next friend appears and acts under said statutes respectively is wholly different. The next friend of an infant plantiff directs, and is responsible for the prosecution of the action, and is also liable for costs of the defendants, and to account to the infant whom he represents, for the proper prosecution of his claims, and for any money or property which he may recover or obtain thereby. It is therefore eminently proper that such next friend be approved of and appointed by the court, and required (if necessary) to give security for the performance of his duty.

In the proceeding now in question (which is not an action), the guardian or next friend authorized by the statute to make the application, has no duty to perform or power to act, except merely to bring the matter before the court, which then takes cognizance of the proceeding, and appoints a responsible guardian authorized to act on behalf of the infant, and take security, as provided by statute, for the faithful performance by such guardian of his duty. If the " next friend," before he can present the petition, must be appointed by the court, who shall make the application for his appointment? The statute makes no provision for such an application, and the rule of court clearly intimates that his presentation of the petition is to be the *first* step in the proceeding. (*Rule* 66.)

In my opinion Mrs. Whitlock, the mother of the infants, whose property is contracted to be sold, was their "next friend" within the meaning of the statute, and authorized, without previous appointment by the court, to make the first application in this matter, and consequently the objection made by this purchaser to the authority of the special

guardian to sell and give title to the premises is not well taken.

2. By the contract for the sale of the premises, they are to be conveyed *free of incumbrances.* The title of the infants is derived through a deed which conveys the lots subject to a reservation or covenant that five feet of the front thereof shall not be built upon or used except for steps, &c. This is undoubtedly an incumbrance on the lots, restricting the owner in the use thereof, and if not excepted in the contract, nor known to the purchaser when he made it, justifies him in refusing to perform it. (*Maxwell* agt. *East River Bank, 3 Bosworth R.,* 124.)

For this reason the prayer of the petition must be denied. The respondent is entitled to have the contract of sale canceled, and to be repaid the money which he has advanced on account of the purchase.