## WEBSTER *vs.* VAN STEENBERGH.

The general principle is well established, that to constitute a person a *bona fide* purchaser, within the meaning of the recording acts, the party receiving the subsequent conveyance must not only have received the same without notice of the prior unrecorded deed, but he must have received the same upon some *new consideration* advanced at the time, or must have relinquished some security for a pre-existing debt due him.

This rule, however, does not apply to any but the original purchaser from the person from whom both parties claim title.

And a purchaser from one who is protected by the recording act, as against a prior unrecorded conveyance of the same land, is himself entitled to such protection, notwithstanding he purchased with notice of the prior conveyance, or without parting with a valuable consideration.

If a consideration is expressed in a conveyance, no proof of its actual payment need be given; and though the amount be merely nominal, that is sufficient.

Though an original purchaser is affected with notice of a prior deed, yet if he conveys to another without notice, the latter is as much protected as if no notice to either had been given.

The actual possession of premises, which is to operate as constructive notice, must be visible and open, and not a mere constructive possession.

A mere allusion, in a deed, to premises as being "the same on which mining operations have been performed, heretofore," is not a notice that any other person is the owner; nor is it calculated to put the grantee on inquiry as to any previous unrecorded conveyance.

Where, at the time a deed was executed, an individual was in possession of the premises as a tenant, under a third person, who claimed the same adversely.; and such tenant was occupying a log house thereon, and paying rent, and he had been there over eleven years; *Held* that the deed was void under the statute, and conveyed no title to the grantee. And that the grantee having no title, he could convey none to another.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at a general term. The action was ejectment, commenced March 8, 1862, to recover the possession of about five acres of land, called the mine lot, in the town of Saugerties, Ulster county.

John L. Mower, deceased, was the common source of title, the plaintiff claiming by title derived from his heirs at law, and the defendant by title derived from the said John L. Mower, deceased, in his lifetime. The plaintiff's grantor, Bennet Richtmyer, claimed possession under a deed executed by William M. Mower, one of the heirs at law of John L. Mower, deceased, dated April 7, 1858, under which he entered and took possession of the premises, one other person being there at the time, under a lease from the defendant's brother. Richtmyer conveyed to the plaintiff, December 24, 1861. The defendant undertook to enter and cut lumber, in February, 1862. The deeds to Richtmyre and the plaintiff were recorded, and the plaintiff claims to hold as a *bona fide* purchaser without notice of any prior conveyance. The consideration of the deed to Richtmyer was one dollar. The consideration of the deed to the plaintiff was a note for $75 payable in one year, with interest, which had not been paid.

John L. Mower, deceased, sold the lot in question to John S. Hill, about thirty-three or thirty-four years since. Hill, after he had become the owner of the lot in question, entered into a written agreement with the defendant Herman Myer, Conelius Van Steenbergh, Aaron Hull, Jacob Bloodgood and Peter Van Steenbergh, to form a mining company, to dig for gold on this lot, and upon performing labor in digging to the value of $160 — the purchase price of said lot — he was to execute a deed of the premises to them, so that they would be equal owners — tenants in common — with him. These parties entered into possession of the land as early as the forepart of 1831, and have continued in possession since. And while in possession they performed labor of sufficient value to entitle them to a deed; after which, one of the parties to the agreement went to Philadelphia, the residence of Hill, to procure him to execute a deed; but Hill having in the meantime died, no deed was executed. The land in question, at the time of the sale by John L. Mower to Hill, was wood land, and surrounded by wood land, except that on the east of the lot it adjoined his cleared land, and was separated from it by a stone wall. After the purchase of this lot, the wood was cut off, and a log house was erected upon it, which was occupied from 1832 to 1858 by the parties who were there mining, and most of the time mining operations were conducted on the lot. The defendant proved a deed of the east half of the farm owned and occupied by the parties, from Leonard S. Mower and wife to William H. Mower, dated December 15, 1851, which contained the following clause: "exclusive of" &c. "five acres heretofore sold for a mining lot embraced in the within described bounds, which are hereby reserved and not intended to be conveyed."

The defendant moved for a nonsuit, upon several grounds, which are discussed in the opinion of the court, together with the other questions arising, and the motion was granted, by the court.

*D. K. Olney,* for the plaintiff.

*P. Cantine,* for the defendant.

MILLER, J. The principal questions in this case arise upon the decision of the justice, upon the trial, in granting the motion for a nonsuit. This motion was made on several grounds, which it is important to examine and consider.

It is said that the plaintiff was not a *bona fide* purchaser of the premises which he sought to recover, and hence he did not bring himself within the provisions of the recording act, (1 *R. S.* 756, § 1,) so as to give the conveyances under which he claimed title a priority over the alleged deed under which the defendant claimed, and which was lost and had not been recorded.

The general principle is well established, that to constitute a person a *bona fide* purchaser, within the meaning of the recording acts, the party receiving the subsequent conveyance must not only have received the same without notice of the prior unrecorded deed, but he must have received the same upon some *new consideration,* advanced at the time, or must have relinquished some security for a pre-existing debt due him. (*Pickett* v. *Barron,* 29 *Barb.* 505. *Harris* v. *Norton,* 16 *id.* 267. *Merritt* v. *Northern Railroad Co.,* 12 *id.* 605. *Wright* v. *Douglass,* 10 *id.* 97.) This rule, however, does not apply to any but the original purchaser from the person from whom both parties claim title. And a purchaser from one who is protected by the recording act as against a prior unrecorded conveyance of the same land is himself entitled to such protection, notwithstanding he purchased with notice of the prior conveyance, or *without parting with a valuable consideration.* (*Wood* v. *Chapin,* 13 *N. Y. Rep.* 509.)

The original conveyance to Richtmyer, which was recorded, expressed a consideration, and there was nothing in the evidence to impeach it. If a consideration is expressed, no proof of its actual payment need be given, and it is suffi-

Webster *v.* Van Steenbergh.

cient that the amount be merely nominal. (1 *Kern.* 217, *and authorities cited.*) The objection, therefore, would not be available against the original purchaser, and can not apply to the plaintiff, who is his grantee.

It is insisted that Richtmyer had notice of the prior deed, and that the plaintiff had sufficient knowledge or notice, to put him on inquiry. Even if Richtmyer was affected with notice, yet if he conveyed to the plaintiff without notice, the plaintiff is as much protected as if no notice to either had been given. (*Wood* v. *Chapin*, 13 *N. R. Rep.* 518. *Jackson* v. *Given*, 8 *John.* 137. *Varick* v. *Briggs*, 6 *Paige*, 323, 329. *Jackson* v. *Van Valkenburgh*, 8 *Cowen*, 260. *Corning* v *Murray*, 3 *Barb.* 652.)

In reference to the plaintiff, he had no actual notice. At the time of the conveyance to him, the premises were not in the possession of the defendant, or any person claiming under him. The person who it is claimed was in possession under the defendant's title had moved out some few years previous to the trial, and long before the deed to the plaintiff was given. Besides, the actual possession of premises, which operates as constructive notice, must be visible and open, and not a mere constructive possession. (*Troup* v. *Hurlbut*, 10 *Barb.* 354. *Tuttle* v. *Jackson*, 6 *Wend.* 226.)

There is nothing in the conveyance to Richtmyer or to the plaintiff which was calculated to put the party upon inquiry, as to any previous unrecorded conveyance. The premises are adverted to, in the deed merely, as "the same on which mining operations have been performed heretofore," which is not a notice that any other party was the owner.

It is more questionable whether the deed from Leonard L. Mower and wife to William H. Mower was not sufficient to put the party upon inquiry. There is no evidence to show that either Richtmyer or the plaintiff had any knowledge of this conveyance. The plaintiff swears that he had no knowledge or notice that the defendant, or any other person, made or had any claim to the premises until after he pur-

chased and took a deed for them.   None of the cases cited
hold that a party is bound to examine the records for the
purpose of ascertaining whether there is a conveyance of
other premises, referring to those which the recorded deed
embraces.   The nearest approach to any such doctrine is the
case of *Lupton* v. *Cornell*, (4 *John. Ch.* 261,) where it was
held that the record of a mortgage from the grantee to the
grantor was sufficient evidence that the grantor had not any
title to the lot; and that the subsequent release and quit-
claim of the grantor was fraudulent.   There were strong
circumstances about that case tending to show fraud, and
that the deed was procured fraudulently, with the intent to
defraud the legal owner.   The consideration expressed, was
$10 for a lot worth $6000.   The chancellor, in his opinion,
said he was entirely satisfied that all the defendants were
chargeable with actual fraud.   (*See also Tuttle* v. *Jackson*,
6 *Wend.* 226 ; *Jumel* v. *Jumel*, 7 *Paige*, 594, 595 ; *Wil-
liamson* v. *Brown*, 15 *N. Y. Rep.* 354.)   The question is by
no means free from difficulty ; but with the positive evidence
of the plaintiff that he had no knowledge or notice, I incline
to the opinion that the presumption arising from the fact
of this conveyance being on record is not conclusive.

Perhaps it was evidence to submit to the jury in the case
as to the question of notice to the plaintiff and to Richtmyer,
of the unrecorded conveyance.   Beyond this, I am not pre-
pared to go, as such a principle would compel a party to
make a thorough search of the records, even in cases where
there was no occasion for suspicion, which I think is not
required.

It is further urged that the deed to Richtmyer from Wil-
liam M. Mower and others, and from Richtmyer to the plain-
tiff, are each void, because the lands described in them were
in the actual possession of a person claiming under a title
adverse to that of the grantor.   (1 *R. S.* 739, § 147.)

The evidence shows that at the time when the deed was
executed to Richtmyer, a person was in possession as a ten-

Webster *v.* Van Steenbergh.

ant under the defendant. He had been there over eleven years, occupying a log house on the premises, and paying rent for them. There is no dispute as to this testimony, and for this reason, the deed to Richtmyer was void under the statute, and conveyed no title to him.

The deed to Richtmyer being void, he had no title, and could convey none to the plaintiff. As it is apparent that the deed to the plaintiff was from one who had no right to convey, he took no title by it. The plaintiff having no title, the justice properly granted the motion for a nonsuit.

The evidence introduced to show an agreement under which the defendant was in possession, was properly received. It was not, strictly speaking, testimony to show an equitable title as between the legal and equitable owner. (*See Dewey* v. *Hoag*, 15 *Barb*. 365.) The evidence was proper to show title out of the defendant, and as preliminary proof before proving an adverse possession. It is not, however, of any consequence, if I am correct in the views I have expressed in regard to the point last discussed. And in this aspect of the case, it is not necessary to examine some other questions which were presented on the argument.

A new trial must be denied, and judgment ordered for the defendant, with costs.

INGALLS, J. concurred.

PECKHAM, J. concurred in the result.

New trial denied.

[ALBANY GENERAL TERM, March 7, 1864. *Peckham, Ingalls* and *Miller,* Justices.]