AUKE DOOPER *against* PETER NOELKE.

A conveyance of land was made upon certain trusts which were in part void, and the trustees under the power to sell given them by the deed, reconveyed to their grantor by a deed expressed to be made for a consideration of $10,000, but in which all the beneficiaries under the trusts did not join. *Held,* that the acknowledgment of the receipt of the consideration in the deed of reconveyance was *prima facie* evidence that it had been paid, and that the deed vested in the grantee named in it a clear title, freed from all the trusts created by the deed to the trustees.

APPEAL by defendant from a judgment of this court, entered on the decision of a judge at special term.

The action was brought against the defendant for breach of an executory contract to convey a plot of land situated on the southeast corner of Delancey and Essex streets, in the city of New York.

The defendant claimed that he had tendered a deed of the premises, which the plaintiff had refused to accept.

On the trial it appeared that the plaintiff had refused to accept the defendant's title, for a supposed defect therein arising as follows:

A portion of the premises in question in 1838 formed part of a plot of land owned in fee simple by one William Slamm, who, on June 9th, 1838, united with his wife in a deed intended to provide for his seven children (four daughters and three sons) then living. This deed conveyed, subject to certain provisions for his wife, one undivided seventh part of the premises to each one of the daughters in fee, and also conveyed one undivided seventh part each to three sets of trustees, one for each of his three sons.

The trustees were empowered *to let, lease, sell, partition or convey* the premises; and the conveyance to them was upon trusts out of the rents to pay taxes, repairs, &c., and apply so much of the rents as they might think proper to the support (in case of Levi D. Slamm) of the wife and children he then had, and such as he might hereafter have, and (in case of William and Joseph Slamm) to the support of themselves and any wife, family and children they might thereafter have, and during the lives of his sons to invest the residue of rents in improvements on the premises, in bonds and mortgages, in purchase of real estate, or otherwise to *provide for accumulations*, and on the death (of each son) to divide all that should remain of said undivided seventh and *accumulations* thereof to the persons who would be entitled to inherit real estate.

Subsequently the trustees and Levi D. and Joseph Slamm (with the other son, the daughters and sons-in-law of William Slamm, beneficiaries under the trust deed), united in a reconveyance to him, dated February 6th, 1840, of the whole property that had been conveyed on trust, in which, however, the children and remaindermen interested in the shares conveyed in trust for the benefit of Levi D. and Joseph Slamm during their lives did not join.

This latter deed recited the trust deed and the agreement of the grantors for the expressed consideration of $10,000 to reconvey the whole estate.

On July 6th, 1840, William Slamm and wife conveyed to

his children the whole premises in fee simple, and from them the defendant claimed.

On the trial the court (ROBINSON, J.) held that by the reconveyance to William Slamm in 1840 the title in fee was vested in him, and that defendant, claiming under the subsequent conveyances, had a good title. Plaintiff appealed.

*William C. Barrett* (*John L. Hill* with him) for appellant.

*R. H. Bowne* for respondent.

DALY, Chief Justice.—The deed executed by William Slamm and wife on the 9th of June, 1838, conveyed one undivided seventh of the premises to each one of his four daughters in fee, subject to certain provisions in respect to the wife, and in respect to himself, in one of the four sevenths. The remaining three undivided sevenths were by the deed conveyed in trust, one for each of his three sons.

The trusts created in respect to the remaining three sevenths were void, so far as they provided for the accumulation of rents and profits of the real estate, which can be accumulated only for the benefit of one or more minors then in being, and which must terminate at the expiration of their minority (1 Rev. Stat. 726, §§ 37, 38), whilst here the accumulations were directed to be made for the lives of beneficiaries named, and for the support, maintenance and education of children not then in being. It was doubtless this defective feature in the trust which led to what afterwards took place.

As respects these three-sevenths, the trustees were given by the deed full power to partition and sell that undivided portion of the real estate, and full power to sell any portion of the seventh parts to raise the money to execute the trust as respects the grantors William Slamm and Mary his wife. It is claimed by the appellant that there was a power to sell only the life estate in trust. There is no such reservation in the deed, nor anything from which it could be inferred that that only was what the grantors intended by the power given to sell. The trustees having this power to sell one portion of the real estate,

and the residue of it by the deed having been conveyed to the daughters in fee, it was competent for the trustees and the four daughters and their husbands to unite, as they all did, in a reconveyance of the whole to William Slamm. The case, to which the appellant has called our attention, of *Wright* v. *Miller* (8 N. Y. 10), is a case where the trustee fraudulently combined with the grantor and the husband, whom she had afterwards married, to extinguish the trust she had created for the benefit of children that might be born of the marriage, and all that was held in that case was that children born of the marriage might maintain a suit in equity, under such circumstances, to have the property restored and reinvested in trust for their benefit, they having the reversionary interest in the trust, which could not be defeated by a possession and control of the property obtained through the wrongful and fraudulent act of the husband, acting in combination with the grantor and her trustee. I see nothing in this decision which has any application here. There is no pretense that there was any fraud practiced by anybody in this case. The property here afterwards went to the children of William Slamm and of his wife Mary, and was partitioned among them.

The deed executed by the trustees and the beneficiaries under the former deed acknowledges the receipt of the purchase money, which, uncontradicted, is sufficient evidence of its payment (*Wood* v. *Chapin*, 13 N. Y. 509; *Jackson* v. *McChesney*, 7 Cow. 360; *Webster* v. *Van Steenbergh*, 46 Barb. 211). The plaintiff was offered a good title, and the judgment should be affirmed.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment affirmed.