# New York Marine Court.

### Trial Term—January, 1875.

## WILLIAM VAN DERMINDEN *against* MINA ESSIG.

The parties made an agreement for the exchange of certain real property. They agreed to convey the property "free from all incumbrance," except a mortgage which was to be assumed. The deed which the defendant held for his property contained a covenant against nuisances, and on the day for closing the contract, the plaintiff refused to take title, on the ground that the covenant aforesaid constituted an incumbrance. *Held,* that the covenant against nuisances was an incumbrance on the property, as it restricted its use, and that the plaintiff was entitled to recover $_00 damages, that being the sum which the party in default stipulated to pay to the other.

McADAM, J.—The plaintiff and the defendant entered into a contract under their respective hands and seals, bearing date August 26, 1874, whereby the defendant agreed to convey to the plaintiff, the house and lot known as No. 182 Orchard Street, for $27,900, to be paid by assuming three mortgages on the property aggregating $18,900, and the remaining $9,000 by a conveyance of four houses and lots belonging to the plaintiff, situated

Van Der minden *v.* Essig.

in Hudson City, New Jersey (to be transferred at $18,000, subject to a $9,000 mortgage thereon). It was, therefore, an exchange of property. Each of the parties was to deliver to the other a warrantee deed, according to the contract at a time and place mentioned therein, and each was to convey to the other the property, according to the terms of the exchange, "free from all incumbrance," except as aforesaid.

The time for closing the contract was adjourned, and on the adjourned day the plaintiff declined to consummate the exchange, on account of a covenant against nuisances contained in one of the deeds under which the defendant derived title. This covenant, the plaintiff claimed, restricted the use of the property, so that the plaintiff could use it only for purposes not forbidden. It was further claimed that the restraint upon the use of the property amounted to an incumbrance, because it was a restriction running with the land, and, as to the purposes inhibited, the plaintiff would acquire no usable right in the property. The plaintiff is correct. This covenant amounts to an incumbrance within the proper meaning of that term as defined by the authorities (Roberts *v.* Levy, 3 *Abb. Pr. N. S.* 311; Gilbert *v.* Peleter, 38 *N. Y.* 165; *Re* Whitlock, 10 *Abb. Pr.* 316; Trustees *v.* Cornell, 4 *Paige*, 510. And see 4 *Robt.* 647; 5 *Cow.* 143; 21 *Wend.* 120; 8 *Paige*, 351; 12 *How. Pr.* 551; 26 *N. Y.* 105; 23 *Barb.* 153). Being an incumbrance, the plaintiff was under no obligation to accept the defendant's title. (Gilbert *v.* Peleter, 38 *N. Y.* 165; Morange *v.* Morris, 3 *Keyes*, 48); and, being able to perform on his part (Hart *v.* Hoffmann, 44 *How. Pr.* 168), the plaintiff became entitled to the damages legitimately arising from the breach on the part of the defendant; and these having been "fixed and settled" by the parties in their contract at $500, this sum is, of course, the measure and limit. The latter covenant cannot, in view of the facts and the moderate amount of damages, be regarded as a penalty,

but as an agreement to pay so much as liquidated damages, fixed by the parties in advance of possible litigation. The jury properly found for the plaintiff, and the motion for a new trial must be denied.

This judgment was reversed by the general term of the marine court, but was reinstated, on further appeal to the common pleas, by an order reversing the marine court general term.

### Covenant against Nuisance an Incumbrance.

See also, Anonymous, 2 *Abb. N. C.* 56 ; Plumb *v.* Tubbs, 41 *N. Y.* 442 ; Trustees *a.* Lynch, 70 *Id.* 440.

### Liquidated Damages.

Where there is uncertainty as to the extent of the injury, and the stipulated sum seems reasonable and proper under all the circumstances of the case, and especially, where it is clearly expressed to be liquidated damages to be paid on a breach of the whole contract, or, on the breach of any certain provision of the contract, then it will be regarded as liquidated damages (*Field on Damages,* ₰ 138. Upon this subject see also *Sedgwick on Damages,* marg. p. 399, *et seq.; Wood's Mayne on Damages,* marg. p. 122, *et seq.* And see Wilson *v.* Duls, 1 *City Ct. R.* 132).