LOUIS A. WAGNER, Plaintiff, *v.* JOHN HODGE, Defendant.

(ROBERT C. MARTIN, Purchaser, Appellant.)

*Foreclosure of a mortgage—when a general assignee is bound by the judgment, although he is made a party individually and not as assignee — a general assignment must be recorded in the register's office in New York in order to be notice to purchasers of the assignor's real estate.*

In an action to foreclose a mortgage, one to whom the mortgagor had subsequently made a general assignment for the benefit of creditors was made a party defendant, but was not described as an assignee:

*Held,* that as the assignee had no other interest than such as was derived from the assignment, and as such title as he had was acquired after the execution

of the mortgage, his interest as assignee was bound by the judgment of fore-
closure.

The assignment was recorded in the office of the clerk of the county of New
York, as required by chapter 348 of 1860, but was not recorded in the office
of the register of deeds.

*Held*, that the assignment was not effectual as against one purchasing real
estate transferred by it, in good faith and without notice, and that the pur-
chaser at a sale under a decree foreclosing the said mortgage acquired the
rights of such a *bona fide* purchaser and was not affected by the fact that
the plaintiff in the foreclosure action had known of the existence of the
assignment.

APPEAL by Robert C. Martin from an order denying a motion to
be relieved from a purchase, made under a judgment in this action
for the foreclosure of a mortgage.

*George S. Hamlin*, for the purchaser, appellant.

*Lewis Sanders*, for the plaintiff.

DANIELS, J.:

The property sold consisted of three lots on the southerly side of
Seventy-sixth street. The westerly lot had been described as com-
mencing 300 feet easterly from the south-west corner of Seventy-
sixth street and Third avenue, by which it would be located in the
block easterly of the avenue, instead of the westerly block, in which
it was as a matter of fact situated. And if the case depended upon
this misdescription the purchaser could not be required to take the
title which it was proposed to give him. But a further description
was contained in the mortgage, by which the lot was designated as
No. 13 on the map of property in the Nineteenth ward of the city
of New York, belonging to Alonzo A. A. Alvord, and the estate of
Louis Beach, surveyed by Richard Ammerman, city surveyor,
dated 6th of March, 1860, and filed in the office of the register of
the city and county of New York, on the 29th day of May, 1860.
A map of this block was filed as the fact was stated to be in the
mortgage in the register's office, on the 6th of March, 1860, and
upon it the correct location of lot 13 was stated and given. From
the reference made to this map, and the map itself, the lot was
therefore capable of being accurately placed and located, notwith-
standing the subsequent misdescription of its location by the
measurement stated in the mortgage, and that under the authorities

would enable the purchaser to acquire title to the lot under the purchase made by him. (*Peck* v. *Mallams*, 10 N. Y., 509; *Brookman* v. *Kurzman*, 94 N. Y., 272.)

The title to two of the lots, namely, eleven and thirteen, was derived through a mortgage made by Samuel Schiffer to John W. Burbank, dated on the 1st of November, 1873. Schiffer afterwards made an assignment to Jonas B. Jacobs for the benefit of his creditors. But in the foreclosure of the mortgage, while Jacobs was made a party defendant, he was not described as assignee, and because of that omission the foreclosure has been objected to as defective as to Jacobs. It was made to appear that Jacobs had no other interest in the property than that which had been derived under the assignment, and from that circumstance it is to be presumed that he was made a party to the foreclosure, and that he himself so understood the fact to be, to obtain all his interest in the property as assignee, and the judgment would probably be entitled to that effect, inasmuch as he had no other interest in the property, and what he had was subsequent and subject to the mortgage. The cases of *Beers* v. *Shannon* (73 N. Y. 292), and *Rathbone* v. *Hooney* (58 id., 463), and *Stilwell* v. *Carpenter* (2 Abb. N. C., 238), do not conflict with this conclusion, for the interests in them presented were not such as could have been affected or extinguished by means of the general allegation that they were subsequent to, and subject to, the mortgage, as the interest, as a matter of fact, of this assignee was in the foreclosure to which he was a party.

This assignment was made in May, 1876, and by chapter 348 of the Laws of 1860, was required to be recorded in the office of the clerk of the county in which the debtor resided at the date thereof. This requirement was made without reference to the character of the property in which the estate of the debtor consisted. Whether wholly personal property, or in part personal and in part real, the same record was directed to be made in the office of the clerk of the county. But that was to secure its legal validity only as an assignment. As a conveyance of real estate to make it effectual and operative as to subsequent purchasers of such property from the assignor, it was also required to be recorded as a deed in the office of the register of deeds of the

county of New York. For all conveyances of land have been required to be so recorded to render them valid and effectual against subsequent purchasers from the same grantor in good faith. (Chap. 86, Laws of 1813, vol. 2, §§ 170–171; Bliss, Olney and Whitney's Laws of the City of New York, 1456.) And this was such a conveyance. This point was examined in *Sinnon* v. *Kaliske* (27 How., 249), and this conclusion was maintained by the decision which was then made. The general statutes of the State also are to the same effect, requiring a deed of conveyance of real estate, before it can be maintained as valid against a subsequent purchaser in good faith, to be recorded as such, when it may relate to property in the county of New York, in the office of the register of deeds. (2 R. S. [6th ed.], 1152, § 78.) This assignment was not so recorded, and on account of that omission, it failed to take effect as to subsequent purchasers of this estate in good faith. And proof was presented that these lots were afterwards purchased and acquired, by persons who paid a fair consideration for the same, without notice of the existence of this preceding assignment. By their purchase and the conveyance of the property to them they acquired a legal title to the property notwithstanding the assignment, and it was under the mortgage given upon the title acquired in this manner that the sale was made under which the appellant became the purchaser. And that sale was valid and effectual as against the preceding general assignment, and it could not be defeated or prejudiced by the fact that the plaintiff had knowledge of the existence of the general assignment. For by the mortgage foreclosed, the title and interest of a *bona fide* purchaser was incumbered, and whoever should take it, through the foreclosure and sale under that mortgage, would acquire the title of that purchaser, and would hold the property free and clear of the incumbrance of the preceding assignment, although he himself might previously be informed of its existence. (*Webster* v. *Van Steenbergh*, 46 Barb., 211; *Wood* v. *Chapin*, 13 N. Y., 509.)

It also appeared that Schiffer became insolvent and was proceeded against as a bankrupt under the bankrupt laws of the United States, and that on the 3d of March, 1879, an assignee of his estate was appointed in this proceeding. But that was after the foreclosure of his mortgage had been commenced. At that time no such assignee

whatever existed or could have been made a party to the foreclosure, and under section 132 of the Code of Procedure the assignee in bankruptcy was to be regarded, as he in fact was, a subsequent purchaser or incumbrancer, by reason of the fact that a notice of the pendency of the action had previous to his appointment been filed, as that section required it should be, and not a necessary party to the action. The same provisions are now included in sections 1670, 1671 of the Code of Civil Procedure, and they are entirely controlling as to the effect of this objection taken by the purchaser to the title proposed to be given to him, for they provide for omitting such a party as a defendant in the action. These are all the defects urged on behalf of the purchaser as reasons for relieving him from the obligation of his purchase, and, as neither of them can be sustained, the order from which the appeal has been taken should be affirmed, with ten dollars costs, besides the disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.