PAUL *v.* PAUL *et al.*

*(Supreme Court, Special Term, Livingston County.*    April 13, 1889.)

MORTGAGES—LIEN—PRIORITY—RECORDING—ASSIGNMENT.

The right of an assignee of a recorded mortgage, given to take up past-due notes owing to one who has no knowledge of the existence of a prior unrecorded mortgage, is superior to that of the assignee of the prior mortgage, though the assignee of the recorded mortgage knew of the former mortgage, and, as the wife of the mortgagor, joined therein.

Action for foreclosure of a mortgage.

On November 1, 1878, the defendant Joseph M. Paul and the plaintiff, Delia M. Paul, who is his wife, executed and delivered to Jonathan E. Robinson, cashier of the First National Bank of Attica, a mortgage upon the premises described in the complaint, which mortgage was recorded in the clerk's office of Livingston county December 30, 1885, and is still a subsisting lien upon the premises therein described. On April 26, 1881, the same mortgagors executed another mortgage upon the same premises to one John Paul, the father of Joseph M. Paul, for the consideration, as therein expressed, of $3,864. This mortgage was recorded in the Livingston county clerk's office on May 25, 1881. The actual consideration of the mortgage was an indebtedness from the mortgagor, Joseph M., to his father, which was represented in part by notes then past due, and which were surrendered upon the execution and delivery of the mortgage. John Paul took this mortgage without any notice of the prior mortgage to the bank, and subsequently, and upon the 24th June, 1881, assigned the same to the plaintiff, Delia M. Paul. This action is brought to foreclose the last-mentioned mortgage, and the defendant Gardner, as assignee of the bank mortgage, asks to have that security declared a lien prior to that of the mortgage in suit.

*H. L. Relyea* and *J. B. Adams,* for plaintiff.    *Richardson & Robbins,* for defendant Gardner.

ADAMS, J.    It must be conceded, I think, that there is nothing in the evidence which tends to impeach the good faith of John Paul in taking the mortgage in suit.    So far as the evidence discloses, he received it without notice of any existing lien, and parted with value when he surrendered the notes of the mortgagor.    *Brown* v. *Leavitt,* 31 N. Y. 113; *Pratt* v. *Coman,* 37 N. Y. 440; *Insurance Co.* v. *Church,* 81 N. Y. 218.    He therefore occupied the position of a *bona fide* mortgagee for value, whose mortgage, upon the recording thereof, took precedence over the prior unrecorded mortgage given to the bank, and now held by the defendant Gardner.    It will not be claimed that if this action to foreclose such mortgage had been brought by the mortgagee or his personal representatives the defense which is here sought to be interposed would be available to the defendant, and the only question therefore which is seriously urged upon the attention of the court is whether or not the equity of the prior unrecorded mortgage is revived as against this plaintiff.    It is true that this precise issue is not tendered by the answer, and yet it would hardly be safe, in these days of liberal construction, to assume that it may not be litigated, especially as the case has been tried and submitted upon the theory that such an issue is, in some manner, raised by the pleadings.    It is proper, therefore, that the question should receive careful consideration, for it is an exceedingly interesting one, and one which must be decided upon principle, without the aid of precedent, for no authority precisely in point has been cited, and diligent examination of the books has not been rewarded by the discovery of any.

The general proposition that one who takes a mortgage by assignment from a *bona fide* mortgagee for value, receives it discharged of all equities, even

though he had notice of a prior mortgage, and is not a holder for value, is one which has long obtained, and is not here disputed. *Webster* v. *Van Steenbergh*, 46 Barb. 211; *Wood* v. *Chapin*, 13 N. Y. 509; *Page* v. *Waring*, 76 N. Y. 463; *Fertilizer Co.* v. *Fertilizer Co.*, 82 N. Y. 476. But it is insisted that there is an exception to this rule, which operates against the mortgagor who, if he were to become the owner of the mortgage, would take it subject to all existing equities; and it is contended that the plaintiff, being a party to the mortgage, stands in no better position than her husband. For the purposes of this discussion it may, perhaps, be assumed that the above contention is well founded so far as the mortgagor, Joseph M. Paul, is concerned, although it would not be difficult, I think, to show wherein he occupies a different relation from that of a grantor of premises, for in the latter case he could not execute a deed of property theretofore conveyed to another party without knowing that he was perpetuating a fraud. Here, however, there is no evidence of any desire or intention on his part to give the mortgage in suit priority over the bank mortgage; nor, indeed, of any knowledge that the bank mortgage had not been recorded. There is nothing about the transaction to distinguish it from any other of a similar nature where it had become necessary to execute a second mortgage; and, had this mortgage been transferred to him by a *bona fide* holder for value after he had become divested of his legal title to the premises, a strong argument might be advanced in support of his equitable right to hold it as against the prior mortgage.

But, the soundness of the defendant's contention respecting the relation of Joseph M. Paul to this transaction admitted, how stands the case as to the plaintiff? In endeavoring to furnish a satisfactory solution of this inquiry it will be proper to indulge in the presumption that the legal title to the premises embraced within the mortgage was in the husband, Joseph M. Paul, (*Turner* v. *Brown*, 6 Hun, 331,) and this presumption is strengthed rather than weakened by the evidence. This being so, the plaintiff, as his wife, had no estate in the mortgaged premises, but only the claim or incumbrance of an inchoate right of dower. *Lawrence* v. *Miller*, 2 N. Y. 245; *Aikman* v. *Harsell*, 98 N. Y. 186. Consequently the only effect of her joining in the mortgage was to divest herself of this inchoate interest, (*Power* v. *Lester*, 23 N. Y. 527,) and, had this been accomplished by her executing a separate instrument in the nature of a release, it will hardly be contended that she could not succeed to John Paul's title to this mortgage by assignment, even with knowledge of the existence of a prior mortgage. By way of illustration let us apply another test. Suppose that John Paul had taken his mortgage with notice of the prior mortgage, and had thereafter joined in a quitclaim deed of the premises to a third party, who received the conveyance in good faith and for value; thereafter the grantee caused his deed to be recorded, and then conveyed the premises to John Paul. Would the fact that the latter had discharged his lien by joining in the conveyance take him out from the operation of the rule which it is conceded is applicable to all who derive title from a *bona fide* purchaser excepting the "original party," and, if not, by what process of reasoning can the plaintiff be made an exception to that rule? Again, the undisputed evidence shows that the plaintiff was not present during the negotiations which resulted in the execution of this mortgage by her husband, for it appears she received it from him by mail, and, after executing it, returned it to him through the same medium. For aught that appears, she may have supposed that the prior mortgage had been satisfied, and it is not pretended that she had any knowledge that it was unrecorded. Where, then, is there any element of fraud, even of that intangible quality known as "constructive fraud?" In this respect the case differs very materially from that of *Schutt* v. *Large*, 6 Barb. 373, cited by counsel, for in that case the wife was a party to an active fraud after the decease of her husband. See opinion, (WELLES, J.,) page 380. Viewing the question from any reasonable stand-

point, I am unable to see why the plaintiff, within well-settled principles, has not succeeded to the rights of John Paul in the mortgage in suit, nor why she should not have the relief sought by this action.