(32 Misc. Rep. 648.)

## BARNEY v. EVERARD.

(Supreme Court, Special Term, New York County. November, 1900.)

DEEDS—BUILDING RESTRICTIONS—INJUNCTION TO RESTRAIN BREACH.
    Where land was conveyed by deed containing a covenant that the grantee would not erect, or permit to be erected, on the land conveyed, any building other than a private dwelling house, and the grantee conveyed a part of the land to plaintiff's grantors, and the balance to defendant, none of the conveyances making any reference to the restriction on building, the plaintiff cannot restrain defendant from erecting an apartment house on the land, since the covenant was not one for the benefit of plaintiff or his grantors, but only for the benefit of the original grantor and his grantees of the balance of the tract.

Action by Charles T. Barney against James Everard for an injunction restraining the erection of an apartment house. Complaint dismissed.

Charles E. Miller, for plaintiff.
Gratz Nathan, for defendant.

BEEKMAN, J.   Prior to the date hereinafter mentioned one Thomas J. Robinson was the owner of a plot of ground on the southerly side of 120th street, distant 300 feet westerly from Fifth avenue, and having a frontage on said street of 160 feet.   On the 23d day of June, 1892, he sold and conveyed to Malvina Hammerstein the extreme westerly portion of said property, beginning 410 feet from Fifth avenue, and extending westerly 50 feet.   This deed of conveyance contained a covenant on the part of the grantee in the following words:

"And the party of the second part, by the acceptance of these presents, hereby covenants that she will not erect, or permit to be erected, on any part of the aforesaid premises fronting on One Hundred and Twentieth street, any building other than a private dwelling house or houses; it being understood, however, that a private stable may be erected at a distance not less than sixty feet from the curb line, and on the rear of the westerly twenty-five feet of the lots hereby conveyed."

The balance of the property owned by Robinson was subsequently sold by him in parcels from time to time, but without any restriction of any kind whatsoever with respect to their improvement or use.   On February 8, 1897, Mrs. Hammerstein conveyed to one McGrann the easterly portion of the premises which she had acquired under the above-mentioned deed, having a frontage of 20 feet.   On February 15, 1898, the latter conveyed the same property to one Kellar, who on July 28, 1898, in turn conveyed the same to the plaintiff in this action.   In none of these deeds was any reference made to the restrictive covenant above mentioned, nor did any of them contain any covenant or agreement on the part of the grantee or the grantor respecting any such restriction.   On March 3, 1898, the defendant acquired title to the remaining 30 feet of the Hammerstein parcel.   Upon this parcel the defendant purposes to erect a first-class, fireproof apartment house, which is to be eight stories in height, and so constructed as to accommodate one family on each floor, and the family of a janitor in the basement.   The plans provide for an electric passenger elevator opening on each floor, there being on three sides of the interior of the elevator shaft a passageway, and a doorway opening into the respective apartments is to be through the wall on each story which faces the doorway of the elevator. The object of this action is to secure injunctive relief, prohibiting the defendant from erecting such building, on the ground that it is not a private dwelling house, within the meaning of the covenant above referred to.   The defendant resists the action on two grounds: First, that the proposed building is a private dwelling house, and that consequently no violation of the restriction is contemplated; and, second, that, in any event, the plaintiff is not entitled to maintain this action, because the restrictive covenant in question, which he seeks to have specifically performed, was not made or executed by Robinson for the benefit of the plaintiff or his lot, and that he has therefore no easement in, or right over, the defendant's land arising out of the existence of said covenant.

Logically, the ground last above mentioned should be first considered and disposed of; for, if it should be sustained, it finally disposes of the action, and the plaintiff would have no interest in the deter-

mination of the question as to whether what the defendant proposes to do is or is not contrary to the covenant. In support of his right to maintain the action, the learned counsel for the plaintiff cites the case of Brouwer v. Jones, 23 Barb. 153. The facts of this case, briefly stated, are as follows: Brouwer & Mason were the owners of a certain tract of land in the city of Brooklyn, which was divided up into city lots, two of which they sold to one Sands, who in turn conveyed the same to one Arents, by whom they were demised to the defendant Jones for a term of five years. Previous to the said conveyance so made to Sands, Brouwer & Mason had sold and conveyed other lots in the vicinity of the said two lots, and embraced in the same tract of land, to the plaintiffs or to the grantors of the plaintiffs. In all of said conveyances made by Brouwer & Mason to Sands, as well as to the plaintiffs and their grantors, there was contained an express covenant on the part of the respective grantees to the effect that at no time should there be erected, established, or carried on in any manner, on the premises so granted, any slaughter house, tallow chandlery, etc., or any manufactory, trade, business, or calling whatever, which might be in any way dangerous or noxious or offensive to the neighboring inhabitants. The action was brought to restrain the defendant from carrying on a sawmill which he had erected upon the premises that had been demised to him, which was alleged to be noxious and offensive, and therefore against the covenant in question. Although not referred to in the statement of facts contained in the report, it appears from the opinion of the court that the objection was raised by the defendant that one of the plaintiffs, Philbrick by name, deduced his title through Sands, the defendant's grantor, and the original covenantor in the covenant in question, and that for that reason the action could not be maintained, so far as that plaintiff was concerned. As this objection was disposed of adversely to the defendant's claim, this case is relied upon by the learned counsel for the plaintiff as disposing of the contention of the defendant in this case which is now under discussion. The principal question which was decided in the case will appear from the following quotation from Judge Emott's opinion (page 162):

"The object of the covenants inserted in the deeds of all the lots included in the tract of which the lots both of the plaintiffs and defendants are a part was to protect the whole tract, and every lot belonging to it, whether in the hands of the original owners or of any subsequent grantees, from nuisances or offensive and injurious erections or occupations. Every conveyance from Brouwer & Mason contained such a covenant, and every lot conveyed by them had an easement in every other lot to forbid or restrain its use or occupation in any offensive way. And therefore I am unable to see in what respect the relative dates of the conveyances to the grantees of Brouwer & Mason can make any difference. Every such covenant, in every deed given by them, was intended, not only for their benefit, but also for that of their prior as well as subsequent grantees, and created this easement in behalf of the whole property. This court may therefore very properly be asked to interpose in behalf of any of the owners of the lots, as being parties for whose benefit the covenants were made."

With respect to the plaintiff Philbrick and his right to unite with the other plaintiffs in seeking equitable relief for the enforcement of the covenant, the court says (page 162):

"One of the plaintiffs deduces his title through Sands, the defendant's grantor, and the original covenantor in the covenant in question. I think this is wholly immaterial. Title to lands within the tract, for the common benefit of which this easement was created, is the ónly requisite, as I view this case, to support such an action as this to restrain any violation of this covenant by any proprietor."

No further reference to this feature of the case is made. In my opinion, the case at bar is so radically different from that of Brouwer v. Jones that the latter cannot be regarded as an authority controlling its disposition. There all of the conveyances affecting each lot in the entire tract contained similar covenants, which were intended for the benefit of every other lot in the tract. Out of this condition there was associated with the burden which each lot was under a benefit arising out of the covenants contained in the deeds affecting each and all of the other lots. Thus, there existed in favor of each lot an easement, as it has been called, in each of the other lots intended to be benefited by the system of restriction which was adopted by the original owners of the tract. But no such condition exists in the case at bar. Obviously the only intention that Robinson had in imposing the restriction in question only upon the parcel conveyed to Mrs. Hammerstein was to protect and benefit himself and his grantees in his and their enjoyment of the balance of the tract of which the Hammerstein lots formed a part. Certainly, the restriction in question was not a benefit to Mrs. Hammerstein, and it is impossible to see how, under this covenant, it can be said that in her hands there could be any easement arising out of the restriction in favor of any one portion of her property over any other portion of the same, the relation of dominant and servient tenement being impossible where both pieces of property are under the same ownership. Had she, in conveying the parcel now owned by the plaintiff, inserted any provision which gave to her grantee the benefit of the restriction with respect to the remainder of the property (of which the defendant is now the owner), a different case would have been presented; but nothing of this kind was done, for, as we have seen, such deed made no reference in any way whatsoever to the restriction in question or to any other. Having reached the conclusion that the covenant in question was not one for the benefit of the plaintiff or his grantors, and that he has acquired no right to the enforcement of the same, it follows that there must be judgment for the defendant dismissing the complaint. In view of this conclusion, it becomes a matter of no importance whether the building which the defendant proposes to erect is within the covenant or not, and a discussion of that point is therefore unnecessary. Judgment for the defendant, dismissing the complaint, with costs.

Judgment for defendant, with costs.