FRANK W. PATTERSON, Plaintiff, v. LOUIS JOHNSON, Defendant.

Second Department, December 29, 1917.

**Real property — mortgage containing no reference to restrictive covenants — purchaser on foreclosure takes free of restrictions — title marketable — when covenants are personal to grantor and do not run with land.**

Where a realty company gave a mortgage on a certain lot containing no restrictive covenants as to the use of the premises and subsequently conveyed the lot, subject to said mortgage, by a deed containing restrictive covenants as to the building to be placed thereon, a purchaser on the foreclosure of said mortgage and his successor in title holding through a referee's deed containing no reference to the restrictions, takes the premises free of the restrictions, and, hence, one who has contracted to purchase from such grantee cannot refuse performance upon the ground that it was impossible to convey an unincumbered title.

Where only a portion of the lots sold by the realty company were subject to restrictive covenants and these were some distance from the lot sold on foreclosure, and there were no covenants on the part of the grantor or mutual agreements between the several lot owners creating easements, the restrictions will be deemed personal to the grantor and are not enforcible by the owner of lots acquiring title after the deed was given.

The rights of the realty company were extinguished by the foreclosure of its mortgage.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*William W. Scrugham* [*W. Chantler Arbuckle* with him on the brief], for the plaintiff.

*Thomas M. Smith* [*Henry Martyn Baird, Jr.,* with him on the brief], for the defendant.

RICH, J.:

This is the submission of a controversy upon agreed facts under the provisions of sections 1279–1281, inclusive, of the Code of Civil Procedure, and presents the question whether or not the defendant is able to perform his contract with the plaintiff to convey to the latter real property in the city of Yonkers, free and clear of all incumbrances, with the exception of a specified mortgage, which is a lien thereon.

The plaintiff demands judgment for specific performance of the contract, or if, as he contends, that is impossible, for the money paid by him when the contract was executed, together with his expenses incurred in examining the title.

The land involved is designated as lots 1, 2 and 3, on a map filed in the office of the register of the county of Westchester, entitled " ' Map of Lowerre Summit Park in the City of Yonkers, owned by the Van Cortlandt North Company,' made by M. Lorini, C. E., November 12, 1908."

The Lowerre Summit Park Realty Company acquired title to the lots involved, and also to lots 6 to 10, inclusive; 27 to 34, inclusive; the easterly half of lot 36; lots 37 to 51, inclusive; lot FF; the northerly 25 feet of lot EE of block A, and parts of blocks B, C, D, E, F and G, as shown by and appearing upon said map. Said Lowerre Summit Park Realty Company on November 15, 1912, executed a mortgage upon lots 1, 2 and 3 in Block A on said map to one La Monte, which by various assignments became the property of Dudley R. Van Ness. This mortgage contained no covenants restricting the use of the mortgaged premises or the character of the buildings which might be erected thereon. By a deed dated April 10, 1913, said company conveyed said lots 1, 2 and 3 to Theodore R. Van Ness, subject to said mortgage and subject to the following restrictions:

" a. No more than one house shall be erected on plot 37 feet front by 100 feet in depth; such house shall be for two families, not less than two stories in height, nor without cellar, nor with roof known as flat roof, and shall not cost less than $6,000, or one house on plot 25 feet by 100 feet in depth for one family, not less than two stories in height, nor without cellar, nor with roof known as flat roof and shall not cost less than $5,000. No other building shall be erected on said premises except a private garage.

" b. No building shall be erected thereon until its exterior plans have been approved by the said company.

" c. No intoxicating liquors shall be manufactured or sold, no stores erected or maintained, no manufacturing of any kind carried on, and no hogs, goats, geese, chickens, or ducks kept upon said premises.

" d. No fence or building shall be erected within 20 feet

of the front line, nor building within 2 feet of the side lines of said premises, nor fence over 4 feet high nor garage within 60 feet of any street line.

" This restriction shall not apply to steps, piazza or bay windows upon houses so erected.

" These restrictions shall be binding upon the land and any owners thereof until January 1st, 1930."

At the time of this conveyance, the grantor had sold thirty-one full and two one-half lots in block A, and was the owner of the remaining thirty full and two one-half lots in said block. The title to said lots 1, 2 and 3 in block A, by sundry conveyances, each stating that the premises conveyed were subject to said mortgage and said restrictions, vested in Charles W. Boote as trustee on July 2, 1914. On May 25, 1916, Dudley R. Van Ness commenced an action in the Supreme Court to foreclose the said mortgage. The Lowerre Summit Park Realty Company, said Boote as trustee, and other parties having a specific interest in or lien upon the mortgaged premises, were made defendants. The owners and mortgagees of the lots owned by said company at the time of its conveyance to Theodore R. Van Ness were not made parties. Judgment of foreclosure and sale was rendered, under which the lots were sold and conveyed on August fifteenth to " Van Ness Bros., Inc.," a domestic corporation, the referee's deed containing no reference to said restrictions. On October 2, 1916, said corporation conveyed said lots to the defendant by a full covenant and warranty deed, purporting to convey them free and clear of all incumbrances.

Prior to the filing of the notice of pendency in the foreclosure action, the Lowerre Summit Park Realty Company had sold and conveyed all the lots in said block A, the deeds to nine and one-half of said lots containing covenants and restrictions substantially the same as those contained in the deed to Theodore R. Van Ness, and the deeds of the remaining twenty and one-half lots contained no restrictions. The restricted lots are all in the extreme north end of block A-4, fronting on Park Hill avenue; one and one-half on Marshall road and four on Madeleine parkway. The restricted lot nearest defendant's lots is lot 27, which is about 750 feet distant therefrom. Between restricted lots 27 and 28, and

restricted lots 33 and 34, fronting on Park Hill avenue, are lots 29, 30, 31 and 32, unrestricted; and between restricted lot 37, fronting on Marshall road, and restricted lot 39, fronting on Madeleine parkway, is lot No. 38, unrestricted. Lot 51, fronting on Lewis parkway, and abutting on the rear defendant's lot 3; lots 6, 7, 8, 9 and 10, which are the fifth, sixth, seventh, eighth and ninth lots north of defendant's lot and nine and one-half lots fronting on Lattin drive — much nearer defendant's premises than the nearest restricted lot — are all without restriction.

The plaintiff contends that the restrictive covenants contained in the deed to Theodore R. Van Ness were imposed for the benefit of all the lots in block A, owned by the corporation grantor at the time such deed was given, and enforcible by the owner of such lots at any time thereafter. That the rights were not extinguished by the foreclosure judgment, because the owners of the lots were not made parties to the action, is the basis for the argument that the title tendered by the defendant was not free and clear from all incumbrances. He contends that the defendant cannot perform his contract of sale, and that he should have judgment for the moneys advanced by him on the execution of the contract, together with his expenses for examining the title. I think that this contention is without merit. The restrictions contained in the Van Ness deed are clearly personal and not enforcible by the owner of any of the lots acquiring title after the deed was given. There is no corresponding covenant by the grantor; there is no mutual agreement or undertaking between the several lot owners creating an easement, and nothing disclosed from which mutual rights are fairly inferable. Of all the lots conveyed by the Lowerre Summit Park Realty Company (located in block A) after the conveyance to Van Ness, the deeds to but nine full and one half lot contain restrictions, and they are a long distance from defendant's lots, while the lots in the vicinity of defendant's are unrestricted. This, I think, repels any presumption of a general scheme created for the benefit of all the lots. No uniform restrictions or uniform plan of improvement are shown, and no lot owner is in a position to raise a question based on a breach of covenant by defendant

or his predecessors in title, the rights of the corporation having been extinguished by the judgment in the foreclosure action. (*Clark* v. *Devoe*, 124 N. Y. 120, 124; *Equitable Life Assurance Society* v. *Brennan*, 148 id. 661; *Silberman* v. *Uhrlaub*, 116 App. Div. 869; *Davidson* v. *Dunham*, 159 id. 207, 209; *Schermerhorn* v. *Bedell*, 163 id. 445; *Barney* v. *Everard*, 32 Misc. Rep. 648; *Schwoerer* v. *Leo*, 39 id. 505; *Dime Savings Bank* v. *Butler*, 96 id. 82.)

The authorities cited by the plaintiff to sustain his contention are distinguishable from the case presented by this record. In those cases the covenants involved were mutual.

There is no defect in defendant's title to the premises he contracted to convey to the plaintiff that affects its marketability or constitutes a cloud thereon, and the defendant is entitled to judgment in accordance with the 21st subdivision of the stipulation, without costs.

JENKS, P. J., STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Judgment for defendant, without costs, in accordance with the stipulation.