JOHN B. WOLFF, Plaintiff, *v.* AMANDA W. GREEN et al., Defendants.

Supreme Court, Trial Term, Nassau County, August 1, 1950.

*C. H. Tunnicliffe Jones* for plaintiff.

*Clarke & Frost* for Jacob W. Block and others, defendants.

DALY, J.   Plaintiff seeks a judgment under article 15 of the Real Property Law barring defendants and their successors from asserting any claim to an easement or interest in the nature of an easement in plaintiff's real property.

The controversy is submitted on the following stipulated facts.   One Fred Ingraham became the owner of an eleven-acre tract by virtue of three deeds from his father, the last of which was dated April 2, 1892.   The property was conveyed to Fred Ingraham without restriction of any kind.   By successive conveyance of parcels of his property, nine in all, he divested himself of all right, title, and interest in and to the property.   Every parcel, except the two parcels conveyed by him to his wife in 1915 and 1926, respectively, was conveyed subject to restrictive covenants as to the type, number, minimum cost, and setback from a specified point of the buildings permitted to be constructed upon the property conveyed.   The restrictions were not, however, uniform in every respect.   There were, for example, variations in the degree of setback and in the minimum cost of the buildings to be constructed.   There were also variations as to the duration of the restrictive covenants.   The conveyance of the second parcel out of the tract, in 1906, bound the grantee " Provided that the same restrictions be placed and remain " on the lands retained by the grantor.   This restriction, it might be noted, was released in 1944 by the heirs of Fred Ingraham, the common grantor, and the greater portion of that parcel is presently occupied by a nursing and rest home.   In another, the conveyance of the eighth parcel in 1922, the restrictions were to remain in effect until 1933.   As previously noted, the two conveyances to Mrs. Ingraham were made entirely without restriction.   At the present time, approximately one half of the property in the original tract is under restriction.

Fred Ingraham died in January, 1929. His wife died three months later, leaving a last will and testament. Her executor conveyed, free of all restrictions, to the two surviving children the two parcels previously conveyed to the testatrix by her husband. Shortly thereafter they conveyed the same property, also without restriction, to a corporation formed by them and their respective wives. The corporation filed a map upon which the land was shown to be divided into lots, and then conveyed those lots to those of the defendants who alone oppose this action.

Plaintiff is the grantee of the fourth parcel conveyed out of the original eleven-acre tract in 1909. That parcel was conveyed to him

" subject, however, to the following covenants running with the land:

" 1. The premises shall be used only for the purposes of a private residence.

" 2. Not more than one dwelling shall be erected upon the westerly one hundred feet of said premises, and not more than one dwelling upon the remaining portion.

" 3. Such dwellings, if erected, shall cost at least six thousand dollars ($6,000.) each and shall each be placed at least seventy-five feet back from Front Street and front on said Front Street.

" 4. No bar, stable, garage, or other outbuilding shall be erected upon said premises nearer than two hundred feet to said Front Street."

Plaintiff bases his right to the relief he seeks on the ground that there is no one presently entitled to enforce the restrictive covenants contained in his deed. He contends that the grantees of the three parcels conveyed prior to the parcel conveyed to him cannot enforce the restrictions since there is no evidence that they were imposed pursuant to a scheme or plan of development of which he had notice; that grantees of parcels conveyed subsequent to the parcel conveyed to him cannot enforce it since the covenants imposed upon the plaintiff were for the personal benefit of the grantor and not for the benefit of the land retained by him; and, finally, that there are no heirs, devisees, or assigns of the grantor who own any part of the original tract; hence, they cannot enforce the restrictions contained in plaintiff's deed.

The defendants, on the other hand, contend that the restrictions in plaintiff's deed were not for the personal benefit of the common grantor, but for the benefit of the land retained by him, part of which is now owned by them.

Plaintiff's position that no prior grantees of other parcels in the tract may enforce the restrictive covenants contained in his deed must be upheld. There is no evidence here that the conveyance to the plaintiff was made pursuant to a common scheme or plan of improvement enforcible in equity by each grantee against every other. (*Tallmadge* v. *East Riv. Bank*, 26 N. Y. 105.) Even if the conveyance were so made, notice thereof, either actual or constructive, would be indispensable to enforcibility. (*Equitable Life Assur. Soc.* v. *Brennan*, 148 N. Y. 661, 672.) Proof of such notice is completely lacking in this record. The plaintiff must also be sustained in his position that in the absence of ownership of any land in the original tract, no heir, devisee, or assign of the common grantor may enforce the covenants. (*Graves* v. *Deterling*, 120 N. Y. 447.)

The sole question remaining, then, is whether the defendants, as grantees of parcels of the land retained by the common grantor at the time of his conveyance to the plaintiff, may enforce the restrictive covenants contained in the latter's deed.

In *Korn* v. *Campbell* (192 N. Y. 490, 495–496) Judge WERNER divided restrictive covenants into three classes:

" In the first class may be placed those which are entered into with the design to carry out a general scheme for the improvement or development of real property. * * * In such cases the covenant is enforceable by any grantee as against any other upon the theory that there is a mutuality of covenant and consideration which binds each, and gives to each the appropriate remedy. * * *

" The second class embraces those cases in which the grantor exacts the covenant from his grantee, presumptively or actually, for the benefit and protection of contiguous or neighboring lands which the former retains. In such cases the grantees, if there are more than one, cannot enforce the covenant as against each other, although the grantor, and his assigns of the property benefited, may enforce it against either or all of the grantees of the property burdened with the covenant. * * *

" Then there is a third class, where there are mutual covenants between owners of adjoining lands in which the restrictions placed upon each produce a corresponding benefit to the other, and in such a case, of course, either party or his assigns may invoke equitable aid to restrain a violation of the covenant.''

The defendants do not urge that they are either in the first or in the third of the classes above set forth. They do, however, believe themselves to be in the second class. Whether or

not they are depends upon whether the covenants in plaintiff's deed were imposed by Fred Ingraham for his personal benefit, and, if so, enforcible by him alone, or whether they were made for the benefit of land retained by him and thus enforcible not only by him but also by subsequent grantees of the benefited land. (*Korn* v. *Campbell, supra*, p. 497.)

Determination of the problem lies in the intention of the parties in imposing the covenants, an intention which is to be gleaned from the language of the covenant and the surrounding circumstances. (*Booth* v. *Knipe*, 225 N. Y. 390, 396.) The sole ground upon which the plaintiff bases his contention that the covenants were intended for the personal benefit of Fred Ingraham is the absence of any language imposing a corresponding burden upon the land retained by him. Ample support for that contention is to be found in the cases. (E.g., *Patterson* v. *Johnson*, 181 App. Div. 162; *Dime Sav. Bank of Brooklyn* v. *Berri*, 176 Misc. 334, affd. 263 App. Div. 878.) Yet a contention to the contrary would not want for authority. (E.g., *Perpall* v. *Gload*, 116 Misc. 571, affd. 203 App. Div. 871; *Moore* v. *Henderson*, 99 Misc. 344, affd. 181 App. Div. 942.) Mr. Tiffany, in his work on Real Property (3d ed., Vol. 3, § 865, pp. 498–499), seems not to consider mutuality of covenant a prerequisite to a holding that the restriction was imposed for the benefit of land retained:

" Conceding that the intention to benefit the land must appear from the instrument itself in which the agreement occurs, the fact that the agreement is in terms with the promisee and his assigns would seem to be sufficient for this purpose ".

In a Missouri case, where the plaintiff was a subsequent grantee of retained land, itself unrestricted, the court noted: " We fully concede the general rule which is invoked in behalf of the plaintiff. That rule is that, where the common grantor of two adjoining lots sells one and retains the other, and puts in the deed of the one which he sells a covenant against building in a certain way, which covenant is manifestly intended for the benefit of the lot which is retained, and he afterwards sells this lot to another the covenant passes to the assign of such lot as an appurtenance to it, or as an easement for the benefit of it, and such assign may enforce it against the owner of the other lot, whether he acquired the other lot immediately from the original vendor or through mesne conveyances, or by devise, descent, or otherwise, from him; provided he took with notice of it, actual or constructive. * * * Such a restriction in the land conveyed is generally construed to have been intended by the

parties to the deed for the benefit of the land retained by the grantor in the deed, since in most cases it could obviously have no other purpose. Nor does it defeat this conclusion, that the purpose is not expressed in the deed, or that the deed contains no reciprocal covenant on the part of the grantor to observe a like restriction in respect of the land retained by him. In order that the land retained by him should enjoy the benefit of the restriction imposed upon the land conveyed, it is not at all necessary that a similar restriction should be imposed upon the land retained. (*Coughlin* v. *Barker,* 46 Mo. App. 54, 61–62.) ''

It is the view of this court that lack of mutuality of restriction is not, as urged by the plaintiff, conclusive, but is an evidentiary circumstance tending to the conclusion that the restriction was intended to be personal to the covenantee. (See *Pulitzer* v. *Campbell,* 146 Misc. 700, 706; *Coughlin* v. *Barker, supra,* p. 67, and 7 Thompson on Real Property [Perm. ed.], § 3610.) In the case at bar lack of mutuality is not the sole evidence that the common grantor imposed the restrictive covenants for his personal benefit. The covenants run to Fred Ingraham alone, not to him and his heirs and assigns. True, the absence of such words is not conclusive (*Hodge* v. *Sloan,* 107 N. Y. 244, 251); it is, however, another signpost to the correct solution. (*McClean* v. *Woolworth Co.,* 204 App. Div. 118, 120, affd. 236 N. Y. 612; *Perpall* v. *Gload,* 116 Misc. 571, 580–581, affd. 203 App. Div. 871, *supra;* Reno, The Enforcement of Equitable Servitudes in Land: Part II, 28 Va. L. Rev. 1067, 1074.) That two of the parcels out of the land retained were conveyed subject to no restriction and that one parcel was conveyed subject to a restriction limited in time are other factors indicating that the covenant was one personal to the grantor. It is true that the covenants were expressly made to run with the land, thereby indicating an intention of the common grantor to make the covenants enforcible by his grantees as well as by him. That single indication, however, standing alone, is not sufficient to overcome the effect of the factors hereinbefore mentioned which tend to an opposite conclusion. Especially is this so when it is borne in mind that restrictions on the use of land are not to be extended by implication. (*Kitching* v. *Brown,* 180 N. Y. 414, 427.)

Accordingly, judgment is directed to be entered for the plaintiff, without costs.

Settle judgment on notice.