I. J. SACCOMANNO and Shirley Saccomanno, Appellees,

v.

Harold FARB, Appellant.

No. 5237.

Court of Civil Appeals of Texas, Waco.

March 22, 1973.

Rehearing Denied April 12, 1973.

---

Saccomanno, Clegg, Martin & Kipple, Bruce L. James, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, Tom Alexander, Houston, for appellees.

VIC HALL, Justice.

I. J. Saccomanno and wife brought this action to enjoin Harold Farb from building a multi-story apartment complex on a 7.5-acre tract in the City of Houston, contending that under the doctrine of "reciprocal negative easements" defendant's land is burdened with a deed restriction which prohibits its use for other than single-family, one-story residences. On motion of the defendant, summary judgment was rendered that plaintiffs take nothing. We affirm.

In a summary judgment proceeding the burden of proof is on the movant. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., (Tex.Sup., 1965) 391 S.W.2d 41, 47. He must establish his right thereto by showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Para. (c), Rule 166–A, Vernon's Tex.Rules Civ.Proc.; Farley v. Prudential Insurance Company, (Tex.Sup., 1972) 480 S.W.2d 176, 178. However, a summary judgment proceeding may reach a stage which requires the non-movant to produce proof or suffer judgment against him. Torres v. Western Cas-

ualty and Surety Company, (Tex.Sup., 1970) 457 S.W.2d 50, 52.

There are no affidavits, admissions, depositions or other forms of "testimony" of record in this case. The judgment was rendered solely upon the pleadings of the parties and certified copies of the following deeds and plat:

1. A deed from Rice Institute to Glenn H. McCarthy, dated December 19, 1935, conveying 10.143 acres of land (hereinafter called "TRACT I") in Harris County, Texas. The grant was "made and accepted subject to the following restrictions which shall continue . . . until January 1, 1956: (a) The property . . . shall be used for residential purposes only . . ."

2. A deed from Rice Institute to Glenn H. McCarthy, dated April 22, 1939 conveying 8.6 acres of land (hereinafter called "TRACT II") in Harris County, which adjoined TRACT I on the north. The conveyance expressly restricted the use of the property, for ten years from the date of the deed, "for residential purposes only," and the grantor agreed to subject its property (of undesignated size) lying north of TRACT II to the restriction.

3. A deed from Glenn H. McCarthy to H. M. Cohen, dated December 31, 1953, conveying all of TRACT II except a strip 30 feet wide along and the length of the southern boundary of the tract. This deed contained the following covenants, conditions and restrictions:

"The property herein conveyed is conveyed subject to the covenant, hereby made by grantee, and the condition that, within a period of six (6) months after the date hereof, grantee shall construct or cause to be constructed at no cost or expense to grantor, a residential type concrete street, which street shall be at least twenty-five (25) feet in width and bounded on the north and south sides

thereof by a concrete curb and gutter, in the center of the property which by deed of even date herewith executed by grantor and grantee herein has been dedicated to public use for street purposes only (said property being hereinafter referred to as the "Street Property").

"The further covenants, conditions and restrictions are:

"(1) That no house, building, or other structure save and except garages or other service buildings comprising a part of such house, building, or other structure shall ever be placed or erected upon the property herein conveyed, either by the grantee herein, or by his heirs, executors, administrators or assigns, except as follows:

"(a) That property herein conveyed, except such portion thereto as has been dedicated by grantee herein for street purposes only, shall be used for single-family, one-story residence purposes only, and no residence shall be constructed which has a total area of less than 2,000 square feet in the main structure, exclusive of such areas as porch, porte-cochere, breezeway and/or garage areas;

"(b) Any residence constructed on the property herein shall be constructed so that any such residence along the street property fronts the street property and no garage or other service area shall be located at a lesser distance from the north boundary of the street property than the main structure of the residence of which the garage or other service area comprises a part;

"(2) That all or any part of the property herein conveyed except the portion of the street property dedicated by grantor to the public use for street purposes only, if hereafter conveyed by grantee, or by his heirs, administrators, executors or assigns,

shall be conveyed subject to the covenants, conditions and restrictions set forth in this deed."

4. Separate deeds by McCarthy and Cohen, dated December 31, 1953, which, together, dedicate a strip of land 60 feet wide out of TRACT II along, and the full length of, its southern boundary, for public use as a public street known as Underwood Street.

5. A deed from H. M. Cohen to J. L. Levin, dated January 9, 1954, conveying the remainder of TRACT II.

6. A plat filed of record by J. L. Levin on March 19, 1954, subdividing the remainder of TRACT II and naming the subdivision "Devon Estates."

7. A deed from J. L. Levin to plaintiffs, dated August 2, 1962, conveying lot eleven in Devon Estates.

8. A deed from Glenn H. McCarthy and wife to defendant, dated May 22, 1972, conveying TRACT I.

Plaintiffs pleaded that shortly after McCarthy acquired TRACT I he "constructed his home thereon at a cost of several hundred thousand dollars" and that he "continuously occupied such home as his homestead from its completion in 1937" until he sold the property in 1972; that the street bordering TRACTS I and II on the east "is the west line of an addition commonly referred to as Braeswood, which is highly restricted and contains a large number of stately homes"; that by the imposition of the restrictions on the use of TRACT II in the deed to Cohen, "McCarthy intended to establish a uniform building plan or scheme to insure a continuation of the residential character of the neighborhood containing prestigious single-family dwellings so as to benefit the property retained [TRACT I] as well as the tract conveyed [TRACT II]"; that the plaintiffs occupy and own a home situated on Lot 11 in Devon Estates; that they "purchased their lot in reliance upon said restrictions and the security, peace and en-

joyment guaranteed thereby;" and that, "by virtue of the doctrine of Reciprocal Negative Easements" TRACT I became burdened by the same conditions, covenants and restrictions placed on TRACT II in the McCarthy-Cohen deed.

Defendant based his motion for judgment on the instruments listed above, and asserted in the motion, as he does here, that no issue as to any material fact exists in the case, that the plaintiffs' reliance upon the doctrine of reciprocal negative easements is misplaced under the record, and that he is entitled to judgment as a matter of law.

In their answer to the motion for summary judgment plaintiffs contended, as they do here, that the record raises material fact questions as to whether or not McCarthy intended to impose reciprocal covenants and restrictions on TRACT I; and that the summary judgment was therefore improper.

 In order for a reciprocal negative easement to arise, there must have been a common owner of related parcels of land, and in his grant of a lot or lots he must have included some restriction, either affirmative or negative, for the benefit of the land retained, evidencing a scheme or intent that the entire tract should be similarly treated, so that once the plan is effectively put into operation, the burden he has placed upon the land conveyed is by operation of law reciprocally placed upon the land retained. 20 Am.Jur.2d 733, Covenants, Conditions, Etc., Sec. 173. A reciprocal negative easement is never retroactive. It arises, if at all, out of a benefit accorded land retained, by restrictions upon neighboring land sold by a common owner. Sanborn v. McLean, 233 Mich. 227, 206 N.W. 496, 497 (1925).

 Generally speaking, a reciprocal negative easement arises by implication from the language of the deeds, but it may arise from the conduct of the parties or other circumstances surrounding the con-

veyance. Witt v. Steinwehr Development Corp., 400 Pa. 609, 162 A.2d 191, 193 (1960); Wolff v. Green, 199 Misc. 758, 99 N.Y.S.2d 495, 499 (1950). However, it has been said that the doctrine should be used and applied with extreme caution, for it "involves difficulty" and lodges discretionary power in a court of equity to deprive a man of his property, to a degree, by imposing a servitude through implication, Mc-Curdy v. Standard Realty Corporation, 295 Ky. 587, 175 S.W.2d 28, 30 (1943); and that in order for a restriction to be thus created, the implication must be plain and unmistakable, or necessary. 20 Am.Jur.2d 732, Covenants, Conditions, Etc., Sec. 173. These statements accord with the settled rule in Texas that alleged restrictive clauses in instruments concerning real estate must be construed strictly, and all doubt should be resolved in favor of the free and unrestricted use of the property. Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465, 470 (1941); Southampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516, 518 (1959). Logically, therefore, the fact that in the deed of conveyance a grantor imposes restrictions on a part of a tract which he sells and declares that the restrictions are to run with the land does not, *by itself,* raise any legal or factual presumption that he means thereby to so restrict the retained portion of the tract.

 The deed from McCarthy conveying TRACT II to Cohen, in 1953, makes no reference whatever to TRACT I, and is not a part of defendant's chain of title. The deed from McCarthy conveying TRACT I to defendant, in 1972, does not mention TRACT II or the restrictions in question. The language of the deeds is not ambiguous. We find nothing in them or in the summary judgment record as a whole which will support a "plain and unmistakable" or "necessary" implication that the restrictive clause in the deed conveying TRACT II was included for the benefit of TRACT I, or which evidences a scheme or intent by McCarthy that the entire original tract should be burdened with the restric-

**714**

tions. In short, a view of the record in the light of the rules set forth above reveals an absence of any genuine issue of material fact and shows that defendant is entitled to judgment as a matter of law. Under this circumstance, plaintiffs could not stand on their pleadings, but, to avoid the granting of defendant's motion, were required to come forward with "evidence" sufficient to raise a genuine issue of material fact; Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 951 (1960); Torres v. Western Casualty and Surety Company, supra; else show by affidavit the reason why they could not produce such proof. Para. (f), Rule 166–A, Vernon's Tex.Rules Civ.Proc.

The judgment is affirmed.